NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7115

MASON L. WILSON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  October 7, 2005

_____

Before RADER, LINN, and PROST, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims (Veterans Court) denied Mason L. Wilson's petition for a writ of mandamus requesting the Veterans Court to implement an August 3, 2004 decision of the Board of Veterans Appeals (Board). Wilson v. Principi, No. 04-1890 (CAVC Dec. 2, 2004) (Veterans Court Decision).  The Veterans Court determined that Mr. Wilson "has neither alleged a clear and indisputable right to the writ, nor shown that administrative remedies have been exhausted." Because this court discerns no reversible error, this court affirms.

BACKGROUND

Mr. Wilson served in the Army from April 23, 1968 until January 12, 1970, including combat service in Vietnam.  On September 16, 1992, Mr. Wilson filed an

application for benefits for service connected post traumatic stress disorder (PTSD). After the regional office (RO) of the Veterans Administration (VA) initially denied Mr. Wilson's application, he appealed to the Board of Veterans Appeals (Board). In re Wilson, Docket No. 94-36 163A, slip op. at 2 (BVA Aug. 3, 2004) (Board Decision). On appeal, the Board remanded for further development of the record. Specifically, the Board permitted Mr. Wilson to submit additional evidence under the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (2000) (VCAA) (codified as amended at 38 U.S.C. §§ 5102, 5103, 5103A, 5107 (West 2000)). Id., slip op. at 5.

On remand, Mr. Wilson did not submit the additional evidence necessary to accurately rate the seriousness of his condition. Id. Thus, the RO denied Mr. Wilson's application yet again. He filed a second appeal with the Board. Despite Mr. Wilson's failure to submit the additional evidence, this time the Board granted Mr. Wilson's claim of service connection for PTSD based on the evidence that was in his claim file. Veterans Court Decision, slip op. at 1. However, the Board declined to assign a disability rating for the condition, and instead remanded the case back to the RO for this determination. Id.

On remand, the RO implemented the grant of service connection and assigned Mr. Wilson a disability rating of 10%. Id. Mr. Wilson was unsatisfied with this award, but did not appeal the RO's decision to the Board. Instead, Mr. Wilson filed the present petition directly with the Veterans Court, seeking a 100% disability rating in view of the Board's previous decision. See Board Decision. The Veterans Court denied the petition, in part because the appropriate course of action would be for Mr. Wilson to

05-7115                                    2

appeal the RO's decision to the Board. Mr. Wilson now seeks review of the Veterans Court's decision denying his petition.

This court has jurisdiction pursuant to 38 U.S.C. § 7292(c).

DISCUSSION

This court has jurisdiction to review Veterans Court decisions to determine if any regulation or interpretation thereof relied upon by the Veterans Court was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) contrary to constitutional right, power, privilege, or immunity; 3) outside the Veterans Courts jurisdiction or a violation of statutory right; or 4) not in accordance with the required procedure. Maxson v. Gober, 230 F.3d 1330, 1332 (Fed. Cir. 2000); 38 U.S.C. § 7292(d)(1). This court does not have jurisdiction to review a Veterans Court's factual determination or a law or regulation as applied to the facts of a specific case. 38 U.S.C. § 7292(d)(2). Section 7292 does not, however, prevent this court from reviewing decisions of the Veterans Court under the All Writs Act, 28 U.S.C. § 1651(a). Lamb v. Principi, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002).

In this appeal, Mr. Wilson's petition requests an immediate assignment of a 100% disability rating based on the Aug. 3, 2004 Board decision. Veterans Court Decision, slip op. at 1. The Veterans Court properly characterized this action as a request for a writ of mandamus, because Mr. Wilson did not first appeal the RO's decision to the Board. To gain the relief, Mr. Wilson "must show . . . a 'clear and indisputable right' to the writ and . . . no alternative way to obtain the relief sought." Lamb, 284 F.3d at 1383 (quoting Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976)).

The Board recognized Mr. Wilson's service connected condition of PTSD in its August 3, 2004 decision, but did not assign him a 100% disability rating. Rather, the Board remanded the case to the RO for an initial rating determination. Veterans Court Decision, slip op. at 1. Thus, the Board's decision does not show that Mr. Wilson has a clear and indisputable right to a 100% disability rating. Because Mr. Wilson has provided no other evidence in support of his requested relief, he has not shown a clear and indisputable right to the writ.

Moreover, Mr. Wilson has not exhausted his administrative remedies. Rather, if Mr. Wilson is unsatisfied with the RO's initial disability rating, the proper course of action is to appeal to the Board. "The extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial[.]" Lamb, 284 F.3d at 1384 (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383 (1953)). Thus, Mr. Wilson also cannot show he has no alternative way to obtain the relief sought.

For the foregoing reasons, the Veterans Court properly denied Mr. Wilson's petition and its decision is hereby affirmed.