**Carl V. LAMB, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7045.

United States Court of Appeals, Federal Circuit.

April 3, 2002.

Jeffrey Wood, of York, PA, argued for claimant-appellant.

Michael F. Kiely, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Robert E. Kirschman, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michelle Doses Bernstein, Attorney, Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

In this appeal a veteran challenges the refusal of the Court of Appeals for Veterans Claims ("Veterans Court") to issue a writ of mandamus. In his underlying case the veteran seeks an earlier date for the start of disability benefits than the Department of Veterans Affairs ("Department") provided. He seeks mandamus to prohibit the Board of Veterans' Appeals ("Board") from remanding his case to the Department's Regional Office to determine initially whether he is entitled to the earlier commencement of benefits. We affirm.

I

The underlying facts, as set forth in the opinions of the Board and as shown by the record, are undisputed.

The appellant Carl V. Lamb served in the Army from 1945 to 1951. On December 4, 1951, he filed with the Department's predecessor, the Veteran's Administration ("VA"), a claim for service-connected disability based on anxiety reaction. In September 1952, the VA's Regional Office

awarded service connection for chronic anxiety reaction, rated at ten percent, effective December 5, 1951.

In July 1957 the Regional Office requested Lamb to report for a physical examination. The request was mailed to him at his last known address, and was returned "Unclaimed." Because of Lamb's failure so to report, in August 1957 the Regional Office discontinued his disability benefit payments. The letter informing Lamb of this action also was sent to his last known address, and also was returned "Unclaimed."

Thirty-eight years later, in December 1995, Lamb filed "a claim of service connection for chronic anxiety reaction, which was interpreted by the RO as a claim for an increased evaluation for his already service-connected psychiatric condition." In June 1996 the Regional Office "assigned a 10 percent evaluation for the veteran's service-connected psychiatric disorder manifested by post-traumatic stress disorder (PTSD), effective December 11, 1995." In September 1998 his disability rating was increased to fifty percent.

Lamb appealed to the Board the December 11, 1995 effective date of his disability. He contended that the August 1957 order terminating his benefits involved "clear and unmistakable error" under 38 U.S.C. § 5109A because "he did not receive notice of such decision until after he reviewed his claims file prior to the June 1996 rating decision," and that "the effective date for at least a 10 percent rating for the service-connected psychiatric disorder should be established on August 1, 1957." The Board rejected these contentions and denied the "claim for an effective date earlier than December 11, 1995, for an award of a compensable rating for the service-connected PTSD."

Lamb appealed the Board's decision to the Veterans Court, and pursuant to the parties' joint motion, that court vacated the Board's decision and remanded for reconsideration on the ground that the Board had not complied with "its statutory obligation [under 38 U.S.C. § 7104(d)(1)] to issue an adequate statement of reasons and bases in support of its decision."

Lamb then filed with the Board a statement that he did "not intend to press a claim of clear and unmistakable error." Instead, he sought an effective date for his benefits of August 1957 on the theory that the VA improperly terminated his benefits at that time because it had not complied with a then-existing regulation.

The Board remanded the case to the Regional Office "for the following actions:"

> After undertaking any development deemed warranted, the RO should review the issue on appeal. In doing so, the RO should address the veteran's argument that he did not receive notice of the 1957 reduction and that such failure to provide notice amounted to CUE. Due consideration should be given to all pertinent laws and regulations.

The Board pointed out that "[t]hereafter, subject to current appellate procedures, the case should be returned to the Board for further appellate consideration, if appropriate."

Finally, the Board stated:

> This claim *must be afforded expeditious treatment* by the RO. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner.

Lamb then filed with the Veterans Court a petition for mandamus. Citing the Veterans' Benefits Improvements Act of 1994, Pub.L. No. 103–446, § 302, 108 Stat 4645, 4658, which requires the Secre-

tary to "take such actions as may be necessary to provide for the expeditious treatment, by the Board of Veterans' Appeals and by the regional office of the Veterans Benefits Administration, of any claim that has been remanded by the Board of Veterans' Appeals," Lamb contended that the Board itself is required to determine the proper effective date for his benefits and may not remand to the Regional Office to make that determination initially.

In a non-precedential opinion by a single judge, the court denied mandamus. The court held that Lamb had not established either of the two requirements for mandamus: He "has neither shown a clear and undisputable right to the writ, nor alleged that administrative remedies have been exhausted."

## II

The government contends that under this court's limited jurisdiction to review decisions of the Veterans Court, we cannot entertain this appeal.

Our jurisdiction to review decisions of the Veterans Court is limited to "any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (1994). "Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). The government argues that "[b]ecause Mr. Lamb is challenging only the application of law to the facts of his particular case, and is not raising a constitutional issue or challenging the validity or interpretation of a statute or regulation, this Court lacks jurisdiction to consider this appeal under 38 U.S.C. § 7292."

Although some aspects of Lamb's appeal may involve only the application of statutory provisions to the facts of this case, two of his contentions are not in that category. His contention that section 302 of the 1994 Improvements Act barred the Board from remanding the case to the Regional Office requires an "interpretation" of that provision, which we have jurisdiction to decide. Lamb also argues that the Department's termination of his benefits in 1957 without his receiving notice of that proposed action denied him due process—a constitutional claim over which we have jurisdiction.

At oral argument the government advanced another theory upon which it contends we lack jurisdiction: Since the principles governing writs of mandamus are well settled, review of a denial of mandamus necessarily involves only the application of those principles to the facts of the particular case. (The same reasoning would seem to cover an appeal from issuance of a writ of mandamus.)

We disagree. The statutory provision barring us from entertaining "a challenge to a law or regulation, as applied to the facts of a particular case," would seem to address primarily the laws and regulations relating to veterans cases that the Veterans Court applies and administers. It is unlikely that it was intended to insulate from our review that court's decisions under the All Writs Acts, 28 U.S.C. § 1651(a) (1994), which authorizes "[t]he Supreme Court and all courts established by Acts of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Excluding the review of factual issues from our jurisdiction was intended to remove from our consideration the factual details of veterans benefits cases, such as

whether the veteran's disability is service connected, when it began, and the extent of the disability. Congress intended the Veterans Court to be the final arbiter of those factual issues. There is no indication, however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review that court's ruling on mandamus petitions. Indeed, we regularly have reviewed Veterans Court rulings on those petitions without any indication or even suggestion that there was any question about our jurisdiction to do so. *See, e.g., In re Wick,* 40 F.3d 367 (Fed.Cir. 1994); *Cox v. West,* 149 F.3d 1360 (Fed. Cir.1998). Although such assumption of jurisdiction without discussion was not precedential as to the jurisdictional issue, it does indicate that neither this court nor the government apparently had any serious question about our jurisdiction.

### III

■ A. "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies.... As extraordinary remedies, they are reserved for really extraordinary causes." *Ex parte Fahey,* 332 U.S. 258, 259–60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947), *quoted with approval in Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384–85, 74 S.Ct. 145, 98 L.Ed. 106 (1953); *see also Kerr v. United States Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."); *In re Newman,* 763 F.2d 407, 409–10 (Fed. Cir.1985) ("Writs of mandamus are to be used only in extraordinary circumstances and when no meaningful alternatives are available.").

There is nothing extraordinary about the present case. It is an ordinary case in which a veteran who has been awarded disability benefits seeks an earlier date for their commencement than the Department allowed. We see a significant number of such cases. Although the issues in the present case are different from those in most of such cases, that does not alter the essential nature of this case as an ordinary one not involving extraordinary circumstances.

■ B. To obtain mandamus, the petitioner must show (1) that he has a "clear and indisputable right" to the writ and (2) that he has no alternative way to obtain the relief sought. *Kerr,* 426 U.S. at 403, 96 S.Ct. 2119; *see also Timken Co. v. United States,* 893 F.2d 337, 339 (Fed.Cir. 1990). Lamb has shown neither.

1.a. Lamb contends that section 302 of the Veterans Benefits Improvement Act prohibited the Board from remanding the case to the Regional Office. As noted, that provision states:

The Secretary of Veterans Affairs shall take such actions as may be necessary to provide for the expeditious treatment, by the Board of Veterans' Appeals and by the regional office of the Veterans Benefits Administration, of any claim that has been remanded by the Board of Veterans' Appeals or by the United States Court of Veterans Appeals for additional development or other appropriate action.

Lamb argues that under the remand order of the Veterans Court, he is entitled to a decision on the merits by the Board, and that the Board's remand of his claim to the Regional Office violates the "expeditious treatment" requirement in section 302.

That section requires the Secretary to "take such [necessary] actions ... to provide for the expeditious treatment ... of [a veteran's] claim that has been remanded by" the Veterans Court or the Board. Assuming without deciding that this provision creates enforceable rights for veterans

rather than just providing hortatory guidance for the Secretary, it is far from clear that the Board's remand of the case to the Regional Office for further proceedings violates the "expeditious treatment" standard of section 302. The section appears to address the conduct of the proceedings on remand, both before the Board and the Regional Office, and not the issue in the present case (i.e., whether the Board properly remanded the case to the Regional Office).

In the remand to the Regional Office, the Secretary, acting through the Board, took the very action that section 302 contemplates. At the end of its opinion ordering remand the Board stated: "This claim *must be afforded expeditious treatment* by the RO." The Board's underlining of these five words is the only such emphasis in the Board's entire four-page opinion. The Board was emphasizing to the Regional Office that it must give Lamb's claim expeditious treatment.

There is no reason to think that the Regional Office will not heed the Board's directive, or that the proceedings before the Regional Office will be unduly delayed and allowed to drag on. Although it has been more than fifteen months since the Board's remand order, any delay in moving forward the remanded proceedings appears attributable to the pendency of the present litigation that Lamb instituted. Once this litigation is completed, we expect and assume that the Regional Office will move expeditiously and give this case the precedence it is required to receive. If the Regional Office should fail to do so, Lamb then may seek further expediting action from the Board.

Lamb further challenges the Board's remand order on the ground that, although he told the Board that he was abandoning his claim of clear and unmistakable error, the Board directed the Regional Office to consider that contention. The point is well taken. The remand order, however, was not limited to that issue. It also directed the Regional Office to "address the veteran's argument that he did not receive notice of the 1957 reduction." Lamb should raise this point before the Regional Office or request the Board to modify its remand order to eliminate that requirement. In any event, mandamus is not an appropriate remedy for dealing with this issue. *Cf. Bankers Life*, 346 U.S. at 382–84, 74 S.Ct. 145.

b. To support his claim to earlier benefits, Lamb cites Veterans Administration Regulation 1251(A), allegedly in force in 1957, which, he contends, required the Regional Office to take additional steps to try to locate him before ending his benefits. That regulation read in pertinent part:

(A) Upon the failure of a veteran without adequate reason to report for physical examination, requested for disability compensation or pension purposes, the award of disability compensation or pension in course of payment to him will be suspended as of the date of last payment.

It is difficult to see how that regulation aids Lamb's case. It merely states that if "without adequate reason" a veteran fails to report for a physical examination, his disability compensation will be suspended. That is precisely the circumstance in which the VA stopped Lamb's disability payments in 1957.

Presumably Lamb will argue that he had an "adequate reason" for not reporting for his physical examination, namely, that he never received notice to do so. Whether that reason is adequate, however, depends upon the reason Lamb did not receive the notice. The present record does not provide any explanation. The reason may have been Lamb's failure to inform the VA of a change of address. Lamb

must have known in 1957 that his benefits had been terminated, since he no longer received them. There is no explanation in the record why he waited thirty-eight years before seeking their resurrection.

These and other factual questions, including whether the VA could and should have done more to try to locate Lamb, are matters for the Regional Office to investigate and determine in the first instance. The Regional Office is far better qualified to do so than the Board, which is primarily an appellate tribunal. *See Scates v. Principi,* 282 F.3d 1362 (Fed.Cir.2002). Since Lamb's right to an earlier commencement of benefits may turn upon the answers to these and other factual inquiries, the Board in fact was helping Lamb when it remanded his claim to the agency best qualified to develop it—the Regional Office.

Lamb also contends that the termination of his benefits in 1957 without his having received prior notice denied him due process. Whether or not that is so depends upon the facts relating to the VA's failure to provide him with notice. *Cf. Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542–46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Goldberg v. Kelly,* 397 U.S. 254, 264, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). On the remand the Regional Office will attempt to develop those facts. Without those facts, it would be premature to attempt to decide the constitutional issue.

2. Nor has Lamb shown that he cannot adequately protect his rights through the normal appellate process.

■ Since Lamb is now receiving benefits for a fifty percent disability rating, the only issue is his entitlement to accrued ten percent benefits since 1957. If the Regional Office should reject Lamb's claim for the earlier benefits commencement date, he may fully vindicate and protect that claim by appealing the Regional Office decision to the Board and, if necessary, to the Veterans Court. Indeed, the Board itself recognized that "if any benefit sought on appeal is not granted ... subject to current appellate procedures, the case should be returned to the Board for further appellate consideration, if appropriate." "[T]he extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial. . . ." *Bankers Life,* 346 U.S. at 383, 74 S.Ct. 145 (citations omitted).

■ C. "[I]ssuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Kerr,* 426 U.S. at 403, 96 S.Ct. 2119. Lamb has not shown that, in denying mandamus, the Veterans Court abused its discretion or committed other legal error.

## CONCLUSION

The order of the Court of Appeals for Veterans Claims denying the petition for mandamus is

*AFFIRMED.*