**Bobby J. STEWARD, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7059.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 21, 2003.

Rehearing En Banc Denied Nov. 26, 2003.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Bobby J. Steward ("Steward") appeals from an order of the Court of Appeals for Veterans Claims denying Steward's request that the court direct the regional office ("RO") of the Department of Veterans Affairs ("VA") to issue a decision on Steward's disability claim for nicotine dependence. *Steward v. Principi*, No. 02–1799, 2002 WL 31857434 (Vet.App. Dec. 12, 2002) ("Order"). We *affirm.*

## BACKGROUND

In September 1997, Steward applied for service connection for heart disease, hypertension and emphysema as secondary to nicotine dependence. His claim was denied without any medical examination. Steward appealed and, while his case was pending before the Court of Appeals for Veterans Claims, Congress enacted the Veterans Claims Assistance Act of 2000, Pub. L. No. 106–475, 114 Stat.2096, which redefined the obligations of VA with regard to its duty to assist veterans in developing their claims. The court thus vacated the denial of Steward's claim and remanded to the Board of Veterans' Appeals ("BVA"). The BVA in turn remanded the case to the RO to determine: (1) whether Steward acquired a dependence on nicotine during service; and (2) whether nicotine dependence, which arose during service, may be considered the proximate cause of disability occurring after service. *See Steward v. Principi*, No. 97–06858, slip op. at 3 (Bd.Vet.Apps. Sept. 28, 2001) ("Remand Order").

More than four years after filing his claim, Steward was finally given a medical examination in January of 2002, leading to a diagnosis of nicotine dependence without physiological dependence. The RO then requested that Steward submit to additional medical examinations, which Steward refused because he believed that the RO was deliberately trying to delay making a determination regarding his claim. On October 15, 2002, Steward filed a document with the Court of Appeals for Veterans Claims requesting that it direct the RO to make a decision on his claim. Steward argued that the RO was deliberately

refusing to make a decision because of Steward's race and that the RO was harassing him by requiring him to submit to additional medical examinations without telling him the purpose of the examinations. The court treated Steward's filing as a petition for mandamus and denied the petition because the RO's requests for additional examinations were not unreasonable and any delay was not extraordinary. In the meantime, Steward was hospitalized three times for myocardial infarction.

Steward appeals to this court, arguing that the Court of Appeals for Veterans Claims failed to decide whether or not there has been an unreasonable delay in processing his claim, and that the court failed to consider whether any delay was the result of race-based disparate treatment or a violation of Steward's right to due process. To support these claims, Steward relies on the expeditious treatment granted to a white veteran who filed a claim for nicotine dependence the same day that Steward filed his claim in 1997. Steward also argues that the presiding judge who considered Steward's petition unfairly gave the RO legal advice by stating that it may deny Steward's claim if he failed to submit to further examinations.

## I

■ We first consider whether we have jurisdiction over Steward's appeal, as Congress has granted this court only limited jurisdiction over veterans cases. In particular, this court has exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2000). We may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent presented by a constitutional issue. *Id.* § 7292(d)(2). That being said, "[t]here is no indication, however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review [the Court of Appeals for Veterans Claims's] ruling on mandamus petitions." *Lamb v. Principi,* 284 F.3d 1378, 1382 (Fed.Cir. 2002). We conclude that we have jurisdiction over Steward's appeal of the court's denial of his petition for mandamus.

## II

"To obtain mandamus, the petitioner must show (1) that he has a 'clear and indisputable right' to the writ and (2) that he has no alternative way to obtain the relief sought." *Id.* (quoting *Kerr v. United States Dist. Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). The Court of Appeals for Veterans Claims correctly recognized that it should apply this standard when considering Steward's petition. *See* Order at 2. Steward argues, however, that the court "failed to decide unreasonable delay in processing [his] claim, and failed to ad[d]ress [the] issue of disparate treatment based on race, and failed to address [the] issue of procedural due process of similarly situated claimants." Informal Brief of Appellant ¶ 2. Steward also argues that the court unfairly gave legal advice to the RO. *Id.* ¶ 5. We address each of these arguments in turn.

■ First, we disagree with Steward that the court failed to decide whether there has been unreasonable delay in processing his claim. The court's Order states that "[t]he petitioner has failed to demonstrate that the delay he complains of is so extraordinary that it requires the exercise of this Court's mandamus power." Order at 2. While this statement leaves open the possibility that Steward has been subjected to "unreasonable" but not "ex-

traordinary" delay, the court's clear conclusion is that whatever delay there may have been in this case, it was not sufficient to grant Steward the extraordinary relief he was seeking. It is true that Steward's case has been pending for many years, but this circumstance is due in large part to pending appeals and intervening changes in the law, not to any discernibly deliberate delay. Moreover, the BVA's remand order to the RO is dated September 28, 2001, and Steward's subsequent medical examination was held shortly thereafter in January 2002. Steward's claim—since the remand—has thus been pending two years, one of those years resulting from Steward's mandamus petition and subsequent appeal to this court. Objectively considering the amount of time since the remand and the procedural posture of this case during that time period, we cannot say that there has been an unreasonable or exceptional delay by the RO in ruling on Steward's claim. *Cf. Lamb*, 284 F.3d at 1383 (finding no unreasonable delay in a case pending for fifteen months, noting that "any delay in moving forward the remanded proceedings appears attributable to the pendency of the present litigation that [the petitioner] initiated").

■ With respect to Steward's next two arguments, that the court failed to address the issues of disparate treatment and denial of due process, we find these arguments unavailing. While the court's Order does not directly speak to the issues of discrimination or due process, it appears from the record before us that the RO had an objectively reasonable basis for requesting the medical examinations that prompted Steward to make these charges. Indeed, the RO was required by the BVA's remand order to further determine the impact of Steward's diagnosed nicotine dependence before it could grant Steward's claim for service connection:

If the psychiatrist substantiates the diagnosis of nicotine dependence and indicates that this disorder began during the veteran's military service, the RO should conduct further appropriate development of the veteran's claim of service connection for heart disease, hypertension and emphysema, including any further medical examinations deemed necessary.

Remand Order at 6.

■ Finally, with respect to Steward's argument that the judge who considered his petition unfairly gave legal advice to VA, we disagree with Steward. We do not interpret as "legal advice" the court's statement that "[i]f the petitioner persists in his refusal to submit to an examination, the Secretary may have to deny his claims, or if circumstances warrant, deem them abandoned." Order at 2. Rather, we interpret this statement as a warning to Steward that, absent his cooperation in further developing the record, his claim for service connection may be denied.

We have considered Steward's additional arguments, including his discussion of *Erspamer v. Derwinski*, 1 Vet.App. 3 (1990), and the government's failure to timely request an extension of time to file its brief in this case, and find them to be unpersuasive.

## CONCLUSION

We conclude that Steward is not entitled to a writ of mandamus because he has not established that he has " 'a clear and indisputable right' to the writ and that he has no alternative way to obtain the relief sought." *See Lamb*, 284 F.3d at 1382. The Order of the Court of Appeals for Veterans Claims denying Steward's request that the court direct the RO to make a decision on Steward's claim for service connection is therefore affirmed.

COSTS

No costs.