NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7069

WALTER J. RASON,

Claimant-Appellant,

v.

ANTHONY J. PRINCIPI,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:   November 19, 2004
_____

Before NEWMAN, CLEVENGER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Walter John Rason appeals from the December 10, 2003, reconsideration order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his motion for a writ of mandamus.  We <u>affirm</u>.

I

On March 23, 1994, the Board of Veterans' Appeals ("BVA") denied Mr. Rason entitlement to service connection for an acquired psychiatric condition on the ground that Mr. Rason had not produced evidence of any psychiatric disorder during service or within one year after discharge.  On May 16, 1997, the Veterans Court summarily

affirmed the BVA's decision, and on appeal to this court, we dismissed for want of jurisdiction, thus letting the decision of the Veterans Court stand as final.

Mr. Rason then sought to reopen his claim before the regional office, which denied his reopened claim for service connection for major depression. In due course, the BVA sustained the decision of the regional office. Before the Veterans Court, Mr. Rason complained, inter alia, about delay in processing his claim, and he requested that the court construe his appeal as a petition for extraordinary relief. Explaining that remedy of mandamus is drastic, to be invoked only in extraordinary circumstances by citation to Kerr v. United States District Court, 426 U.S. 394, 402 (1976), the Veterans Court declined to issue mandamus.

Mr. Rason sought reconsideration of the Veterans Court's denial of his petition for mandamus and appealed that denial to this court. He also petitioned the Veterans Court again for further relief, including a request for a panel decision. The Veterans Court denied that motion on the ground that Mr. Rason had already appealed his case to this court, thus divesting the Veterans Court of further jurisdiction.

II

Before this court, Mr. Rason repeats his requests for extraordinary relief. We have jurisdiction to hear his appeal. See Lamb v. Principi, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). We have carefully reviewed the record, and we find no ground to support issuance of a writ of mandamus. As the Veterans Court noted, such a remedy is extreme and should only issue under the most extraordinary circumstances. To the extent that Mr. Rason's prayer for extraordinary relief seeks further processing of his case by the regional office, we note that the regional office has recently, on March 11,

04-7069                                    2

2004, issued him a lengthy Statement of the Case. Otherwise, we see no grounds to disturb the decision of the Veterans Court denying extraordinary relief to Mr. Rason. The decision of the Veterans Court is therefore affirmed.