NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7144

DARRELL J. HAMPTON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  March 17, 2006

_____

Before NEWMAN, MAYER, and GAJARSA, Circuit Judges.

NEWMAN, Circuit Judge.

Mr. Darrel J. Hampton appeals the decision of the Court of Appeals for Veterans

Claims, denying his petition for a writ of mandamus.[1]  We affirm.

ANALYSIS

_____

1    Hampton v. Principi, No. 04-1487 (Vet. App. March 23, 2005).

Mr. Darrell J. Hampton, appearing pro se, filed a petition for a writ of mandamus with the Court of Appeals for Veterans Claims on August 19, 2004, arguing that the VA Regional Office and Board of Veterans Affairs committed clear and unmistakable error, and requesting (1) a determination that he is a handicapped veteran; (2) retroactive and prospective educational benefits; (3) a declaration that he is unemployable and totally disabled; and (4) benefits, retroactive to the date of his separation from service. Mr. Hampton argues that his benefits should be extended because he was not rehabilitated to the point of employability, his service-connected disability has worsened or occupational requirements have changed, and he has "shown dependency on governmental support programs," in such a manner as to qualify for a serious employment handicap under 38 C.F.R. §§21.44, 21.52(e)(2), and 21.58.

Mr. Hampton also moved for expedited proceedings, stating that he was being evicted from his home and was unable to pay the rent because the Department of Veterans Affairs had not resolved these matters. The Court of Appeals for Veterans Claims denied the petition, holding that Mr. Hampton must seek relief in the Regional Office. This appeal followed.

**A**

The Secretary argues that this court is without jurisdiction because the mandamus petition related entirely to the application of law to facts, and our jurisdiction in veterans appeals does not include review of particular facts. However, our jurisdiction does include determination of whether the Veterans Court is meeting its appellate obligations to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a); Lamb v. Principi, 284 F.3d 1378,

1381 (Fed. Cir. 2002) (Federal Circuit jurisdiction to review issuance or denial of a writ of mandamus).

A writ of mandamus is an extraordinary form of relief which may be granted under the All Writs Act, if the following criteria are met: (1) the party seeking issuance of the writ must have no other adequate means to attain the relief he desires; (2) the petitioner must satisfy the burden of showing that his right to issuance of the writ is "clear and indisputable"; and (3) the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. Cheney v. United States Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380-81 (2004); Kerr v. United States Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402-03 (1976).

The Veterans Court held that the appropriate path for Mr. Hampton is to file a claim for clear and unmistakable error with the Regional Office or the Board, and advised that he may also file claims with the Regional Office for educational benefits, total disability based on unemployability, an earlier date for service-connected disabilities, and any other benefits to which he may be entitled. Neither Mr. Hampton nor the Secretary tells us what aspects had or had not been presented to the Regional Office and the Board.

We have not been shown that the Veterans Court erred in urging Mr. Hampton to present his claims to the Regional Office and the Board. No error of law or other reversible error has been shown in the decision of the court.

No costs.

05-7144                               3