Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7154

HENRY J. PALMER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Henry J. Palmer, of Philadelphia, Pennsylvania, pro se.

A. Bondurant Eley, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief was Michael J. Timinski, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Liza M. Davis.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2007-7154

HENRY J. PALMER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: June 7, 2007

_____

Before BRYSON, LINN, and PROST, Circuit Judges.

PER CURIAM.

Henry J. Palmer ("Palmer") appeals from a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"), denying his petition for a writ of mandamus. Palmer v. Nicholson, No. 06-3424 (Vet. App. Jan. 26, 2007) ("Mandamus Order"). Because the Veterans Court did not abuse its discretion in determining that Palmer had failed to demonstrate a "clear and indisputable right" to a writ of mandamus, see Lamb v. Principi, 284 F.3d 1378, 1382 (Fed. Cir. 2002), we affirm.

Palmer's primary contention on appeal is that in its Mandamus Order, the Veterans Court acted arbitrarily and capriciously in failing to address his allegations that his life will be put in danger unless his appeal before the Board of Veterans Appeals

("Board") is taken out of turn and given special processing. To the contrary, however, the Veterans Court squarely addressed Palmer's concerns and his request that his appeal be moved forward. The Veterans Court observed that Palmer had not submitted any evidence that "the Secretary's refusal to advance his appeal on the docket was arbitrary and capricious." Mandamus Order, slip op. at 2. We have reviewed the record and likewise see no evidence that Palmer's appeal before the Board will not be appropriately and expeditiously adjudicated in the ordinary course of proceedings. We therefore agree with the Veterans Court that Palmer has not met his burden of showing a clear and indisputable right to a writ of mandamus. To the extent that Palmer alleges that the Department of Veterans Affairs ("VA") has committed or intends to commit any criminal or civil violations against him, the Veterans Court also correctly observed that its jurisdiction is limited to review of final decisions of the Board. See id., slip op. at 3. Thus, any such allegations must be raised in some other forum or, to the extent appropriate, in the context of his appeal before the Board itself.

With respect to Palmer's assertion that the VA stole or hid his medical records, we observe that at Palmer's request the VA promptly provided him with his entire VA claims file. Palmer has not put forward any evidence that he failed to receive this file, that it was incomplete, or that it differs from the file that was forwarded from the VA regional office to the Board. To the extent that Palmer wishes to challenge the authenticity or validity of the evidence before the Board, we agree with the Veterans Court that these claims are appropriately adjudicated in an appeal from the Board's final decision rather than in a petition for extraordinary relief. See id.

2007-7154                    2

In short, Palmer has not shown that there is anything "extraordinary about the present case," <u>see</u> <u>Lamb</u>, 284 F.3d at 1382, that warrants the issuance of a writ of mandamus, much less that the Veterans Court abused its discretion in denying him one. Accordingly, we affirm its decision.

COSTS

No costs.