NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7103

HENRY J. PALMER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Henry J. Palmer, of Philadelphia, Pennsylvania, pro se.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief was David J. Barrans, Deputy General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7103

HENRY J. PALMER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-1723.

_____

DECIDED: January 7, 2010

_____

Before RADER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Henry J. Palmer ("Palmer") challenges the refusal of the United States Court of Appeals for Veterans Claims ("Veterans Court") to issue a writ of mandamus. See Palmer v. Shinseki, No. 2008-1723 (Vet. App. July 11, 2008). Because the Veterans Court did not abuse its discretion in determining that Palmer did not show a clear and indisputable right to a writ of mandamus, this court affirms.

I.

In his underlying case, Palmer claims entitlement to benefits for hypertension, retroactive to 1962. On February 1, 2008, the Board of Veterans' Appeals ("Board") sent a letter to Palmer, granting his motion to advance his case on the Board's docket.

On February 15, 2008, the Board remanded his claim to the Veterans Affairs Regional Office to reopen a previously and finally disallowed claim for entitlement to compensation for "hypertension, including as secondary to service-connected malaria." On June 5, 2008, Palmer filed a "Motion for Extraordinary Relief" with the Veterans Court. He alleged that the VA committed multiple errors, including falsification of evidence, undue delay, and clear and unmistakable error in the Board's February 15, 2008 decision. On July 11, 2008, the Veterans Court denied Palmer's petition for extraordinary relief. Palmer appeals.

## II.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. U.S. Dist. Ct. for N.D. Cal., 426 U.S. 394, 402 (1976). "To obtain mandamus, the petitioner must show (1) that he has a 'clear and indisputable right' to the writ and (2) that he has no alternative way to obtain the relief sought." Lamb v. Principi, 284 F.3d 1378, 1382 (Fed. Cir. 2002) (quoting Kerr, 426 U.S. at 403). "Issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Kerr, 426 U.S. at 403.

First, Palmer does not show a "clear and indisputable right" to the writ of mandamus. Palmer argues that the Veterans Court "modified present law" under 38 U.S.C. § 7266 by refusing to review the February 1, 2008 "final decision." Section 7266 governs the notice of appeal from a final decision of the Board. 38 U.S.C. § 7266. The February 1, 2008 communication is simply a letter, informing Palmer of his case's advancement on the Board's docket. As such, it was not a "final decision." The

Veterans Court did not misinterpret the law, nor did it deprive Palmer of his constitutional rights, by declining to treat the letter as a final decision.

Palmer further argues that the February 15, 2008 remand was illegal under 38 C.F.R. § 1.9. This regulation relates to the VA's official seal and flag. See 38 C.F.R. § 1.9. To the extent this argument relates to Palmer's assertion that the Board's remand was unlawful because it bore no official signature, the Veterans Court properly rejected the argument as moot, because Palmer acknowledged that the record contained a copy of that Board decision signed by the Board member who decided his claim. Palmer's unfounded allegation that the Veterans Court committed perjury has no evidentiary support.

This court observes that Palmer may adequately protect his rights through the normal appellate process. If the VA should reject Palmer's claim for hypertension, he may appeal that claim to the Board and, if necessary, to the Veterans Court. Also, Palmer's factual allegations raised on appeal are appropriately adjudicated in an appeal from the Board's final decision rather than in a petition for extraordinary relief.

Because Palmer has not presented an extraordinary case that warrants the issuance of a writ of mandamus, the Veterans Court did not abuse its discretion in denying him that usual remedy. Accordingly, this court affirms.

COSTS

No costs.