NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**MELVIN MOORE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

———————————

2011-7004

———————————

Appeal from the United States Court of Appeals for Veterans Claims in case No. 10-762, Judge William A. Moorman.

———————————

Decided: February 10, 2011

———————————

MELVIN MOORE, Port Charlotte, Florida, pro se.

DOUGLAS T. HOFFMAN, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E.

WHITE, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before GAJARSA, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

Mr. Melvin Moore appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his petition for a writ of mandamus as moot. Mr. Moore is justifiably frustrated with the fact that the VA has not resolved his claim, which was filed over a decade ago. Because the Veterans Court did not abuse its discretion in dismissing Mr. Moore's petition, however, we *affirm*.

Mr. Moore underwent hip surgery in 1997 at the Veterans Affairs Medical Center (VAMC) in Detroit, Michigan. Because of recurring problems he alleges were caused by improper care at the VAMC, Mr. Moore filed a claim with the VA in 1999. Mr. Moore's claim was apparently rejected, appealed to the Board of Veterans Appeals (Board), and then remanded to the Regional Office (RO) in 2002 for reasons not on the record before this court. In 2003, a representative from the Disabled American Veterans informed Mr. Moore that his claim was ready for submission to the Board of Appeals for the second time. Because the VA failed to obtain the necessary records from the VAMC in Detroit, however, the Board again remanded Mr. Moore's claim in 2006. Back before the Board in 2008, the VA again failed to obtain the necessary records from the VAMC. In addition, the VA's examination report for its December 2006 examination of Mr. Moore was incomplete. Explaining that its 2006 remand

instructions were not properly carried out, the Board again remanded Mr. Moore's case to the RO to obtain the required records from the VAMC, give Mr. Moore a complete examination, and readjudicate Mr. Moore's claim. Over the next year and a half, the VA obtained the necessary records and again examined Mr. Moore. On January 29, 2010, Mr. Moore received a letter from the VA stating that the VA had "a great number of claims" pending and that action on his claim could be delayed.

Mr. Moore filed his petition for mandamus in February of 2010, asking the Veterans Court to review his case. On April 2, the Veterans Court asked Mr. Moore to provide the most recent adjudication of his claim. Subsequently, Mr. Moore provided the Veterans Court with a copy of the Board's 2008 remand. Mr. Moore also provided copies of the VA's responses to his most recent records requests. In its response, the RO directed Mr. Moore to send his record request to the VA Appeals Management Center (AMC). When Mr. Moore contacted the AMC, however, it had only the 2008 Board remand—and told Mr. Moore to request his remaining records from the RO.

On April 16, 2010, the Veterans Court determined that "it is unclear which VA office has the petitioner's claims file and what work is being done on his long-pending claim." Accordingly, the Veterans Court ordered the VA to file a response to Mr. Moore's petition explaining the status of Mr. Moore's claim and its plan to resolve it. In response, the VA explained that, since 2008, Mr. Moore's claim has proceeded without substantial delay and is now on the Board's docket. Reasoning that Mr. Moore had "obtained the relief sought, i.e., the completion of proceedings on remand as directed by the Board in its October 2008 remand decision," the Veterans Court

dismissed Mr. Moore's petition as moot. Mr. Moore appeals, and we have jurisdiction pursuant to 38 U.S.C. § 7292.

Congress granted this court only limited jurisdiction over veterans cases. In particular, this court has exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent presented by a constitutional issue. *Id.* § 7292(d)(2). "There is no indication, however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review [the Veterans Court's] ruling[s] on mandamus petitions." *Lamb v. Principi*, 284 F.3d 1378, 1382 (Fed. Cir. 2002).

On appeal, Mr. Moore explains: "Plain and simple, after 11 years, I want a *decision*." To that end, he asks us to give the Board a time limit in which to render its decision. Mr. Moore's frustration is understandable. On the record before this court, it appears that the VA's inability to produce its own records resulted in remand after remand, delaying Mr. Moore's claim for years. As recently as 2010, the VA gave Mr. Moore the classic "run-around" in response to a simple records request. Already sensitized by the VA's feckless attempts to resolve his claim, Mr. Moore feels mired in an infinite loop of remand, readjudicate, repeat.

We believe, however, that when the Veterans Court reviewed his case, Mr. Moore obtained the relief he requested in his petition. The Secretary assures us that

the VA has obtained the required records, and that the Board is now considering Mr. Moore's "expedited appeal." As such, we affirm the Veterans Court's dismissal of Mr. Moore's petition as moot.

**AFFIRMED**

COSTS

No costs.