NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSE G. APOLLO, SR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7090

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-2404, Judge Mary J. Schoelen.

---

**ON MOTION**

---

Before BRYSON, LINN and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

Chapter 31 of Title 38 of the U.S. Code establishes a program of training and rehabilitation to assist veterans in overcoming employment handicaps. In November 2005, the Department of Veterans Affairs, through a

decision of a regional office (RO), granted veteran Jose Apollo entitlement to such benefits. The RO was also directed by subsequent order of the United States Court of Appeals for Veterans Claims (Veterans Court) to adjudicate whether Apollo was entitled to any amount of reimbursement for prior vocational activities.

Apparently unsatisfied with the RO's initial response, Apollo filed a petition for a writ of mandamus with the Veterans Court, asking the court to direct immediate payment of $59,000 in reimbursed expenses. When the court denied that petition, holding that Apollo could not use the writ as a substitute for the VA appeals process, he filed this appeal seeking reversal.

In seeking that relief, Apollo runs up against a highly deferential standard of review. This court reviews denial of a petition for a writ of mandamus by the Veterans Court for an abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). In turn, the Veterans Court may only grant this extraordinary remedy if the petitioner has no other adequate alternative means to attain the desired relief and petitioner has established a clear and undisputable right to relief. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004).

We cannot say that the Veterans Court abused its discretion in refusing to issue the writ in this case. On remand from the Veterans Court, the RO took action on Apollo's request for reimbursement. To the extent Apollo disagrees with that determination, he may raise such disagreement through the VA appeals process, and ultimately before this court on proper appeal. Thus, the conclusion that Apollo has alternative means to attain review of his reimbursement request is well supported by the facts of this case, and the court's decision not to issue mandamus on those grounds was not an abuse of discretion.

3                                           JOSE APOLLO, SR. v. SHINSEKI

Apart from the merits of his case, Apollo argues that Judge Schoelen of the Veterans Court should have recused herself from hearing his request for mandamus and violated several statutes in deciding his case. While we have considered those arguments, we are not persuaded that they have any merit.

Accordingly,

IT IS ORDERED THAT:

(1)    The judgment of the Veterans Court is affirmed.

(2)    Each side shall bear their own costs.

(3)    All pending motions are moot.


FOR THE COURT


 /s/ Jan Horbaly
Jan Horbaly
Clerk

s19