NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD REBSTOCK,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7169

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1171, Judge Robert N. Davis.

---

Decided: May 14, 2013

---

RICHARD REBSTOCK, of Farmington, Missouri, pro se.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy

Assistant General Counsel and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before DYK, LINN, and PROST, *Circuit Judges.*

PER CURIAM.

Richard Rebstock appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. We affirm.

## BACKGROUND

In February 2012, Mr. Rebstock filed a petition for a writ of mandamus with the Veterans Court alleging that (1) the John J. Pershing Veterans Affairs Medical Center wrongfully discharged and released him to Missouri state authorities for his subsequent arrest, conviction, and incarceration on state criminal charges, and (2) the Board of Veterans Appeals ("Board") failed to follow proper protocol in processing his appeal of a compensation overpayment determination by a Veterans Affairs Regional Office ("RO").

In March 2012, while Mr. Rebstock's petition was pending before the Veterans Court, the Board remanded Mr. Rebstock's case concerning the overpayment determination to the RO with instructions to accommodate his request for a hearing to the extent possible. In June 2012, the Veterans Court directed the Secretary of Veterans Affairs to address the allegations in Mr. Rebstock's petition and provide documentation necessary to aid the resolution of the matter. After the Secretary complied, the Veterans Court denied Mr. Rebstock's petition for extraordinary relief. With respect to the first issue of wrongful discharge, the Veterans Court held that Mr. Rebstock had failed to demonstrate that the issuance of a

writ was warranted because the matter related to a tort or state criminal claim that was outside the Veterans Court's jurisdiction. With respect to the second issue of the Board's mishandling of his appeal, the Veterans Court found that Mr. Rebstock failed to demonstrate that he lacked adequate alternative means to attain the relief he sought because the Board's March 2012 remand to the RO was still pending.

The Veterans Court issued its judgment against Mr. Rebstock on August 2, 2012. Mr. Rebstock then filed this appeal.

## DISCUSSION

We review a Veterans Court's denial of a writ of mandamus for an abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A writ of mandamus is an extraordinary remedy and should not be issued unless the petitioner has no adequate alternative means to attain the desired relief. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004). The petitioner must satisfy the burden of showing that he has a clear and undisputable right to the relief sought. *Id.* at 381.

The Veterans Court did not abuse its discretion in determining that Mr. Rebstock failed to satisfy the exacting standard for mandamus relief. First, the Veterans Court correctly found that it may only review decisions of the Board and therefore lacks jurisdiction over claims sounding in tort or challenging the legality of a state criminal conviction. *See* 38 U.S.C. §§ 7252(a), 7261(a). Second, Mr. Rebstock's challenge to the Board's handling of his appeal of the overpayment decision is premature, as that appeal is currently pending and the Board has remanded the case back to the RO with instructions to address Mr. Rebstock's request. Finally, because Mr. Rebstock's informal brief does not raise any further challenges to the Veterans Court's decision, we affirm.

## AFFIRMED

Costs

Each party shall bear its own costs.