NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GROVER MARTIN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1989

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-618, Judge William Greenberg.

---

Decided: October 11, 2016

---

GROVER MARTIN, Mobile, AL, pro se.

JOSHUA SCHNELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

Petitioner Grover Martin appeals from a decision of the United States Court of Appeals for Veterans Claims dismissing his petition for writ of mandamus. Because Mr. Martin's appeal does not contest issues within our jurisdiction, we dismiss.

## BACKGROUND

Mr. Martin served on active duty in the United States Army from January 1988 to April 1990. Following his service, Mr. Martin claimed a service connection for an acquired psychiatric condition that included post-traumatic stress disorder. In 1998, the Department of Veteran's Affairs first denied that claim. But years later, Mr. Martin successfully reopened the claim. On April 12, 2011, the Board remanded his reopened claim to the regional office ("RO") with several directives, including issuing a new decision if the benefit was not granted.

On February 8, 2016, almost five years after the Board's remand, Mr. Martin filed a petition for a writ of mandamus in the Veteran's Court seeking expeditious treatment of his claim by the RO. On March 7, 2016, the Veteran's Court ordered the Secretary of Veterans Affairs to respond to the petition. Four days later, on March 11, 2016, the RO issued a decision denying Mr. Martin's claim. Then on March 18, 2016, the Secretary informed the Veteran's Court that the remanded claim had been adjudicated and that the desired mandamus relief had been obtained.

The Veteran's Court dismissed Mr. Martin's petition for mandamus as moot. Mr. Martin appealed.

DISCUSSION

Our jurisdiction to review appeals from a final judgment of the Veterans Court is limited. 38 U.S.C. § 7292(c). We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(c). However, absent a constitutional issue, we cannot review factual determinations or "challenge[s] to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Our limited jurisdiction extends to our review of the Veterans Court's dismissal of a petition for a writ of mandamus. *See Lamb v. Principi,* 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). "To obtain mandamus, the petitioner must show (1) that he has a 'clear and indisputable right' to the writ and (2) that he has no alternative way to obtain the relief sought." *Id.* at 1382 (quoting *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976)).

Mr. Martin's appeal does not raise an argument that we have jurisdiction to reach. Mr. Martin does not challenge the Veterans Court's denial of his mandamus petition as moot, the only judgment appealed in this case. As such, Mr. Martin raises no question concerning the mandamus within the scope of our jurisdiction. *See Lamb,* 284 F.3d at 1381–82, 84.

Instead, Mr. Martin challenges the V.A.'s denial of his service-connection claim and requests that this court direct the V.A. to grant him his denied benefits. He argues that the V.A. "altered [his] service treatment records," violating his due process rights. Appellant Br. 1. He further contends that the Board made inconsistent factual findings in its multiple claim denials. *Id.* at 2; Reply Br. 1. And he claims that the V.A. and Veterans Court wrongly dismissed his arguments. In sum,

Mr. Martin challenges the process and substance of the V.A.'s denial of his service-connection claim.

We have no jurisdiction to review these arguments. The relief Mr. Martin seeks—reversal of the V.A.'s denial of his service connection claim—must be pursued through the ordinary course in the statutorily mandated appeal process by timely appeal to the Board. *See* 38 U.S.C. §§ 7104, 7252; *see also* J.A. 57–59 (providing Mr. Martin notice of the ordinary process of appealing his denied claim). As the Supreme Court explained in *Cheney v. U.S. Dist. Court for D.C.*, "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." 542 U.S. 367, 380 (2004) (internal quotation marks omitted). Because Mr. Martin must first exhaust the regular appeals process to contest the denial of his claim, we do not reach his arguments challenging that denial here.

CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No Costs.