NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCUS SEBASTIAN PAYNE,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1952

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-1297, Judge Joseph L. Falvey, Jr.

---

Decided: December 17, 2020

---

MARCUS SEBASTIAN PAYNE, Powder Springs, GA, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Marcus Sebastian Payne appeals from the decision of the United States Court of Appeals for Veterans Claims denying his petition for a writ of mandamus. Mr. Payne's mandamus petition challenged the Department of Veterans Affairs' refusal to reinstate a claim and issue a Supplemental Statement of the Case. For the reasons discussed below, we affirm.

## BACKGROUND

In November 2012, Mr. Payne filed a claim for compensation for bilateral knee and low back disabilities and left foot and migraine conditions. The Regional Office denied the claims and, in May 2017, Mr. Payne submitted a formal appeal to the Board of Veterans Appeals. In May 2018, Mr. Payne chose to opt into the VA's Rapid Appeals Modernization Program, in which the RO would review his claim under the higher-level review option. After the RO higher-level review rating decision denied his claims, Mr. Payne requested supplemental claim review. In January 2020, after Mr. Payne received a VA foot examination, the RO issued its rating decision denying his claims under the supplemental claim review option. The RO informed Mr. Payne that if he disagreed with the decision, he had one year from the date of its January 2020 letter to request review or appeal to the Board.

In February 2020, Mr. Payne filed a petition for a writ of mandamus in the Veterans Court, arguing that the RO wrongfully refused to process his claim of entitlement to VA benefits and issue a Supplemental Statement of the Case. The Veterans Court determined that Mr. Payne

could still respond to the RO's adjudication because the time to complete a request for review of the RO's decision or appeal to the Board has not yet run and Mr. Payne has until January 2021 to respond to the RO's decision. *Payne v. Wilkie*, No. 20-1297, 2020 WL 1518283, at \*2 (Vet. App. Mar. 31, 2020). The Veterans Court thus denied Mr. Payne's petition, concluding that "mandamus is not warranted because Mr. Payne has not yet exhausted his administrative remedies." *Id.*

Mr. Payne appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

We review the Veterans Court's denial of Mr. Payne's petition for a writ of mandamus for an abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A writ of mandamus is a "drastic and extraordinary" remedy that is only appropriate when there are "exceptional circumstances amounting to a judicial usurpation of power . . . or a clear abuse of discretion." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (citations and quotation marks omitted). A court must be satisfied that three conditions are met before it issues a writ: (1) the party seeking the writ must have no other adequate means to attain the relief he desires; (2) the party must show a clear and indisputable right to the writ; and (3) the writ is appropriate under the circumstances. *Id.* at 380–81.

We agree with the Veterans Court that at least the first of these three conditions is not met in this case. Specifically, as the Veterans Court noted, Mr. Payne "has not yet exhausted his administrative remedies" because he has not pursued the ordinary appeal process in the VA. *Payne*, 2020 WL 1518283, at \*2. A writ of mandamus cannot be used by a party to avoid the ordinary appeal process. *See Cheney*, 542 U.S. at 380–81. As the Veterans Court explained, Mr. Payne's next step in the ordinary appeal process is "to inform [the] VA of his disagreement with the

RO's [January 2020] decision and the avenue of review he would like to select, including whether he would like to appeal the matter to the Board." *Payne*, 2020 WL 1518283, at *2. Because the strict requirements for granting a writ of mandamus are not met, we conclude that the Veterans Court did not abuse its discretion in denying Mr. Payne's petition for a writ of mandamus.[1]

CONCLUSION

Accordingly, we affirm the decision of the Veterans Court.

**AFFIRMED**

COSTS

No costs.

---

[1]    We grant Mr. Payne's Motion to Supplement the Record, filed on September 3, 2020, and Mr. Payne's Motion to Supplement the Reply, filed on September 14, 2020. We have also considered Mr. Payne's Citation of Supplemental Authority. These motions and the supplemental authority do not alter our determination in appeal. Finally, we deny Mr. Payne's Motion to Strike the Secretary's brief, filed on September 16, 2020.