NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MANUEL GONZALEZ, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1837

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5531, Judge Amanda L. Meredith.

_____

Decided: December 12, 2023

_____

MANUEL GONZALEZ, JR., San Antonio, TX, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

_____

Before LOURIE, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Manuel Gonzalez, Jr. appeals an order of the United States Court of Appeals for Veterans Claims (Veterans Court) that dismissed his petitions for extraordinary relief in the nature of a writ of mandamus. *Gonzalez v. McDonough*, No. 22-5531, 2022 WL 16706691, at \*2 (Vet. App. Nov. 4, 2022) (*Veterans Court Decision*). Because we lack jurisdiction over the appeal, we *dismiss*.

## BACKGROUND

Mr. Gonzalez served in the United States Air Force from June 1996 to June 2000. On September 12, 2022, Mr. Gonzalez filed a petition for a writ of mandamus. The petition appeared to ask the Veterans Court to compel the regional office of the Department of Veterans Affairs (VA) to accept his March 2022 claim of clear and unmistakable error (CUE) on rating decisions from March 2011 and February 2013 that denied entitlement to benefits. The Veterans Court requested additional information and in response, Mr. Gonzalez filed a supplemental petition on October 3, 2022.

After reviewing the relevant documents, on October 12, 2022, the Veterans Court issued an order noting that when the VA informed Mr. Gonzalez he was required to file his claim on a specific form, the VA appears to have construed Mr. Gonzalez's CUE claim as a claim for benefits. Under the VA Adjudication Procedures Manual, a claim for benefits requires a specific form in order to proceed, but a CUE motion does not. In response, the Secretary of Veterans Affairs conceded that the VA had in fact mistakenly informed Mr. Gonzalez that filing a CUE motion required a specific form. The Secretary also noted that Mr. Gonzalez's CUE motion had been accepted and "referred to the rating activity for review." *Veterans Court Decision*, 2022 WL 16706691, at \*1.

On November 4, 2022, the Veterans Court dismissed Mr. Gonzalez's petitions as moot.  The Veterans Court determined "the petitioner has received the relief he sought: VA has recognized that he need not file a specific form to allege CUE and has accepted his CUE motion for processing." *Id.* at *2.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited.  We have "jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof."  38 U.S.C. § 7292(c).  Except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  *Id.* § 7292(d)(2).

Mr. Gonzalez appears to argue that the Veterans Court's dismissal is contrary to 28 U.S.C. § 1651(a) (the All Writs Act) and Article III of the Constitution.  Appellant's Informal Br. 1.  Mr. Gonzalez also appears to argue that the regional office intake center violated its responsibility to assist claimants in obtaining evidence necessary to substantiate claims under 38 U.S.C. § 5103A(a)(1).  *Id.* at 8.  However, the Veterans Court did not interpret or review the validity of any statute or regulation in dismissing the petitions as moot.  Instead, the Veterans Court made a factual determination that the regional office accepted Mr. Gonzalez's CUE motion for processing, which we have no jurisdiction to review.  Moreover, while Mr. Gonzalez ostensibly raises a constitutional challenge to the Veterans Court's decision, Mr. Gonzalez's mere reference to Article III "does not confer upon us jurisdiction that we otherwise lack." *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007).  To the extent Mr. Gonzalez argues the details of his CUE motion, this Court lacks jurisdiction to entertain such arguments.  *See Lamb v. Principi*, 284 F.3d 1378, 1384

(Fed. Cir. 2002) (explaining that a writ of mandamus cannot be used as a substitute for an appeal).

## CONCLUSION

We dismiss for lack of jurisdiction the appeal of the Veterans Court's decision dismissing Mr. Gonzalez's mandamus petitions as moot.

## **DISMISSED**

### COSTS

No costs.