NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7095

BOBBY J. STEWARD,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 09-0030, Judge Bruce E. Kasold.

ON MOTION

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Bobby J. Steward's appeal from a decision of the United States Court of Appeals for Veterans Claims denying a petition for a writ of mandamus.

Steward served on active duty in the Marine Corps from September 1958 to September 1961. In 2005, the Indianapolis, Indiana regional office (RO) awarded Steward temporary disability for August 2002 to December 2002 for ischemic heart disease, but denied him entitlement to service connection for hypertension. Steward appealed the RO's determinations to the Board of Veterans' Appeals, which in October 2008 remanded Steward's claims to the RO for additional development, including obtaining a medical examination.

While his claims were pending before the agency, Steward sought relief from the Court of Appeals for Veterans Claims. He filed a "motion" to (1) stop circuitous remands of his claims; (2) direct the RO to authorize payment of a 100% disability rating; and (3) grant dependency status and retroactive dependent's education benefits for his son. In its order, the Court of Appeals for Veterans Claims construed Steward's motion as a petition for a writ of mandamus and denied the petition. The court explained that to the extent Steward was challenging the remand order he had "not demonstrated that the remand order was inappropriate or otherwise arbitrary and capricious such that it might warrant judicial intervention." Regarding the status and merits of his claims pending before the agency, the court held that Steward had failed to demonstrate that "the Board was not processing his appeal or that mandamus otherwise is warranted." Steward appealed, seeking review by this court.

The Federal Circuit has exclusive jurisdiction to review the validity of a decision of the Court of Appeals for Veterans Claims on a rule of law or of any statute or regulation. See 38 U.S.C. § 7292(a). This rule applies as well when we review the validity of the Court of Appeals for Veterans Claims' application of the All Writs Act, which requires that the court issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); see Lamb v. Principi, 284 F.3d 1378, 1381 (Fed. Cir. 2002). But, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a law or regulation as applied to the facts of a particular case" when evaluating a denial of writ." 38 U.S.C. § 7292(d)(2).

Steward argues that the Court of Appeals for Veterans Claims erred because he filed a motion, not a writ, seeking an order "compelling the VA [to] do what it was

2009-7095

-2-

created to do." However, as the court explained, Steward was not seeking review from a final Board decision. That court would only have had jurisdiction to entertain a writ, because he could not file a motion if there was no appeal pending at the court. Thus, to the extent there might be a legal issue whether the court correctly treated the submission as a writ, we affirm.

Steward also appears to argue that the court should have addressed the merits of the most recent RO determinations regarding his claims. We affirm the Court of Appeals for Veterans Claims in its determination that the remand order was within the Board's discretion and did not warrant intervention by mandamus. Any other arguments made by Steward are outside of this court's jurisdiction and are not addressed.

Accordingly,

IT IS ORDERED THAT:

(1)     The judgment of the Court of Appeals for Veterans Claims is summarily affirmed. The Secretary's motions are moot.

(2)     Each side shall bear its own costs.

FOR THE COURT

AUG 1 7 2009

_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Bobby J. Steward
       Jeffrey D. Klingman, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 17 2009

JAN HORBALY
CLERK

2009-7095

- 3 -