NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7142

ALPHONSO SCOTT,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Alphonso Scott, of Ravenel, South Carolina, pro se.

P. Davis Oliver, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7142

ALPHONSO SCOTT,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 09-2109, Judge William A. Moorman.

_____

DECIDED:  December 11, 2009

_____

Before MICHEL, <u>Chief Judge</u>, GAJARSA, <u>Circuit Judge</u>, and KENDALL, <u>District Judge</u>.<sup>*</sup>

PER CURIAM.

Alphonso Scott appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which denied his petition for extraordinary relief in the nature of a writ of mandamus.  <u>See</u> <u>Scott v. Shinseki</u>, No. 09-2109 (Vet. App. July 17, 2009) ("<u>Veterans Court Decision</u>").  We <u>dismiss</u> Mr. Scott's appeal for lack of jurisdiction.

---

<sup>*</sup>     Honorable Virginia M. Kendall, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

BACKGROUND

Scott Alphonso served in the Air Force from June 9, 1970 to June 7, 1974. In 1999, Mr. Scott appealed to this Court a decision of the Veterans Court that had denied his claim for service connection for an acquired psychiatric disorder and post-traumatic stress disorder as not well-grounded. We noted that the enactment of the Veterans Claims Assistance Act ("VCAA") had eliminated the concept of a well-grounded claim. Scott v. Gober, 251 F.3d 169 (Fed. Cir. 2000). Thus, we vacated the decision and remanded with instructions that the Veterans Court remand "to the appropriate authority in order to achieve prompt compliance with the requirements of current law." Id. Following issuance of this Court's mandate, the Veterans Court vacated the decision of the Board of Veterans' Appeals ("Board") and remanded for readjudication under the VCAA. Scott v. Principi, 17 Vet. App. 508 (Feb. 22, 2001). In response, the United States Department of Veterans Affairs ("VA") granted Mr. Scott's claim for service connection for schizophrenia, and assigned a 100% disability rating.

In November 2008, Mr. Scott filed a "Motion for an Order to Relieve Counsel of Representation" with the Veterans Court. Because Mr. Scott did not timely appeal the February 2001 decision, the Veterans Court had issued a mandate on July 17, 2001. Thus, the Veterans Court returned the letter to Mr. Scott explaining that he had no pending appeal. In April 2009, Mr. Scott attempted to file a notice of appeal to this Court from the February 2001 decision.

On July 2009, Mr. Scott filed a petition for extraordinary relief in the nature of a writ of mandamus with the Veterans Court, alleging that: (1) the Board never complied with the February 2001 remand from the Veterans Court; (2) the Veterans Court

"closed" his case without the proper authority or jurisdiction to do so; (3) this Court refused to docket his April 2009 notice of appeal; and (4) the VA committed fraud in denying him the benefit sought on appeal.

The Veterans Court denied Mr. Scott's petition for writ of mandamus, finding that he had "not demonstrated a clear and indisputable right to the writ." Veterans Court Decision at 1. The Veterans Court found that: (1) the Board complied with the February 2001 remand order, and that the VA subsequently granted Mr. Scott the benefit he sought on appeal, i.e., service connection for schizophrenia; (2) the Veterans Court issued mandate on the February 2001 decision in compliance with its Rule of Practice and Procedure; and (3) this Court complied with the Federal Rules of Appellate Procedure and the Federal Circuit Rules of Practice in responding to Mr. Scott's April 2009 notice of appeal. See Veterans Court Decision at 2.

Mr. Scott timely filed this appeal.

DISCUSSION

We have exclusive jurisdiction to review the validity of a decision of the Veterans Court on a rule of law or of any statute or regulation. See 38 U.S.C. § 7292(a). This rule applies as well when we review the validity of the Veterans Court's application of the All Writs Act, which requires that the court issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); see Lamb v. Principi, 284 F.3d 1378, 1381 (Fed. Cir. 2002). Absent a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a law or regulation as applied to the facts of a particular case" when evaluating a denial of writ. 38 U.S.C. § 7292(d)(2).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. U.S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 402 (1976). A court may issue a writ of mandamus only if three conditions are satisfied: (1) the party seeking issuance of the writ must have no other adequate means to obtain the relief he desires; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant issuance of the writ. See Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380-81 (2004); Kerr, 426 U.S. at 403.

Putting aside the citation of statutory provisions that are not applicable to the issue on appeal and his attempt to raise a constitutional issue simply by placing a constitutional label on his assertions, we understand the essence of Mr. Scott's argument to be that he has shown a clear indisputable right to the writ, and thus the Veterans Court improperly denied his petition. Specifically, he appears to argue that: (1) the Veterans Court erred by stating that the VA granted the total benefits sought on appeal; (2) the Veterans Court erred in issuing the July 2001 mandate; and (3) the Board failed to notify him of the procedures for appealing a decision and obtaining a hearing. As these are challenges to the Veterans Court's application of law to facts or challenges to factual issues concerning the merits of the petition, our jurisdiction precludes review.

CONCLUSION

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

No costs.