**In re Rashid El MALIK, Petitioner.**

**No. Misc. 884.**

United States Court of Appeals, Federal Circuit.

Oct. 3, 2008.

*ORDER*

HALDANE ROBERT MAYER, Circuit Judge.

Rashid El Malik submits a petition for a writ of mandamus. We consider whether Malik's petition should be construed as a notice of appeal. Malik also moves for leave to proceed in forma pauperis.

On August 8, 2008, the United States Court of Appeals for Veterans Claims (CAVC) denied Malik's petition for a writ of mandamus seeking expeditious treatment of the processing of his claim before the Department of Veterans Affairs. The CAVC's judgment was entered on September 9, 2008. We received this petition on September 11,2008.

Although Malik's petition is intended as a request for relief in the form of a writ of mandamus, the court has broad discretion to consider whether such filing constitutes a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (holding that courts should look at the notice afforded by a document rather than a litigant's motivation in filing to determine whether a document constitutes a notice of appeal).

In order to appeal a judgment of the CAVC, the party seeking appeal must file notice that sets forth (1) the name of each party to the proceeding, (2) the judgment, order, or part, thereof being appealed, and (3) the name of the court to which the appeal is taken. Rule 3(c) of the Rules of Appellate Procedure (FRAP). Malik's petition clearly meets these requirements. In addition, Malik's petition is timely if treated as a notice of appeal. *See* Rule 4(a)(1)(B) of FRAP.

Because we conclude that the petition should be construed as a timely notice of appeal, mandamus relief is not appropriate. *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief, such as by appeal); *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (stating "whatever may be done without the writ may not be done with it.").

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is to be treated as a notice of appeal. The clerk is directed to docket the case as an appeal.

(2) Malik's motion for leave to proceed in forma pauperis is granted.