NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID A. EL MALIK,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7041

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-2013, Judge William A. Moorman.

---

Decided: April 12, 2012

---

RASHID A. EL MALIK, of Palos Verde's Estate, California, pro se.

STEVEN M. MAGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and
FRANKLIN E. WHITE, JR., Assistant Director.  Of counsel on
the brief was DAVID J. BARRANS, Deputy Assistant Gen-
eral Counsel, Department of Veterans Affairs, of Wash-
ington, DC.

--------------------

Before PROST, MAYER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Rashid El Malik appeals the order of the United
States Court of Appeals for Veterans Claims ("Veterans
Court"), denying his petition for a writ of mandamus.
*El Malik v. Shinseki*, No. 10-2013 (Vet. App. Sept. 2,
2011).  He argues that the Department of Veterans Af-
fairs incorrectly denied him an increased rate of special
monthly compensation.  As this court has already ex-
plained—in an appeal brought by Mr. El Malik—"[t]he
remedy of mandamus is a drastic one, to be invoked only
in extraordinary situations." *El Malik v. Shinseki*, No.
2011–7201, 2012 WL 833663, at *3 (Fed. Cir. Feb. 13,
2012); *see also Lamb v. Principi*, 284 F.3d 1378, 1382
(Fed. Cir. 2002) ("To obtain mandamus, the petitioner
must show (1) that he has a 'clear and indisputable right'
to the writ and (2) that he has no alternative way to
obtain the relief sought." (citation omitted)).  We have
also explained—indeed in yet another appeal brought by
Mr. El Malik—that "[m]andamus is not a substitute for
proper appeal and must be denied when the remedy
sought is available after entry of a final . . . decision . . . ."
*In re El Malik*, No. 2010-M937, 2010 WL 2076990, at *1
(Fed. Cir. May 19, 2010); *see also In re El Malik*, 322 Fed.
Appx. 976 (Fed. Cir. Oct. 3, 2008) (unpublished order)
(converting Mr. El Malik's petition for a writ of manda-
mus to a regular appeal).  Here, Mr. El Malik does not

offer any persuasive explanation for why his grievance cannot be addressed through a regular appeal. Therefore, we affirm the decision of the Veterans Court denying Mr. El Malik's petition for a writ of mandamus.

**AFFIRMED**