NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**HAROLD V. DAVIS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7107

---

Appeal from the United States Court of Veterans Claims in case no. 12-0396, Judge Mary J. Schoelen.

---

## ON MOTION

---

Before PROST, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

Upon review of the parties' briefs, the court considers whether the judgment of the United States Court of Appeals for Veterans Claims (Veterans Court) should be summarily affirmed.

Davis appeals from a decision of the Veterans Court denying his petition for a writ of mandamus regarding a pending service connection claim for hepatitis C. Davis's petition asserted that the Secretary of Veterans Affairs was delaying action in Davis's case by remanding it to the regional office for further development, but the Veterans Court found that Davis had not demonstrated undue delay.

We review the Veterans Court's denial of a claimant's petition for a writ of mandamus for an abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A writ of mandamus is an extraordinary remedy and should not be issued unless the petitioner has no other adequate alternative means to attain the desired relief, and petitioner has established a clear and undisputable right to relief. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004).

The Veterans Court here did not abuse its discretion in denying Davis's petition. As the Veterans Court explained, the Department of Veterans Affairs had been moving forward with the case, and the delay involved in obtaining operative reports, and scheduling an examination and hearing was not so extraordinary as to warrant mandamus relief. Because it is clear that the Veterans Court did not abuse its discretion, we summarily affirm. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[S]ummary disposition is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Veterans Court is summarily affirmed.

(2) All pending motions are moot.

(3) Each side shall bear its own costs.

FOR THE COURT

AUG 1 0 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Harold V. Davis
     James R. Sweet, Esq.

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 0 2012

JAN HORBALY
CLERK