NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES A. ALLEN, SR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7101

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 12-392, Chief Judge Bruce E. Kasold.

---

## ON MOTION

---

Before PROST, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Charles

Allen's appeal for lack of jurisdiction. Allen has not filed a response.

Allen served on active duty from November to December 1976. He had previously filed claims for entitlement to service connection for bilateral pes planus, a neck disability, and a back disability, which were all denied. In September 2011, Allen moved the Board of Veterans' Appeals to revise one of its previous decisions on the basis of clear and unmistakable error (CUE). Not having heard from the Board, on February 1, 2012, Allen filed a petition for a writ of mandamus at the United States Court of Appeals for Veterans Claims (Veterans Court), seeking to compel the Board to decide his CUE motion. The Veterans Court denied Allen's petition on the ground that he had failed to demonstrate that any delay in being issued a decision on his motion amounted to an arbitrary refusal by the Board to act. Allen then filed this appeal.

We review the Veterans Court's denial of a claimant's petition for a writ of mandamus for an abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A writ of mandamus is an extraordinary remedy and should not be issued unless the petitioner has no other adequate alternative means to attain the desired relief, and petitioner has established a clear and undisputable right to relief. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004).

Because Allen's brief does not raise any challenges to the Veterans Court's decision and we cannot discern an abuse of discretion on the part of the Veterans Court in denying the petition based on the facts presented, we summarily affirm. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[S]ummary disposition is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial

question regarding the outcome of the appeal exists." (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Court of Veterans Claims is summarily affirmed.

(2) All pending motions are moot.

(3) Each side shall bear its own costs.

FOR THE COURT

__AUG 1 0 2012__

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

cc: Charles A. Allen, Sr.
    Daniel Rabinowitz, Esq.


ISSUED AS A MANDATE:     __AUG 1 0 2012__

s24


FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 0 2012

JAN HORBALY
CLERK