NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEIRY L. MATHIS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7141

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 12-1484, Judge Mary J. Schoelen.

---

Before LINN, DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

## ORDER

While serving on active duty in the U.S. Army, Geiry L. Mathis was injured as a result of a gunshot wound to the left side of his head. A Department of Veterans Affairs Regional Office (RO) granted Mr. Mathis service-connected disability status for his residual wounds and his headaches and tinnitus as the result of the trauma.

In January 2012, the United States Court of Appeals for Veterans Claims (Veterans Court) directed the Board of Veterans' Appeals (Board) to consider whether there was clear and unmistakable error in two prior RO decisions involving Mr. Mathis's claims, including whether he should have received separate disability ratings for his headaches and tinnitus. On appeal, this court, in relevant part, dismissed for lack of jurisdiction. *See Mathis v. Shinseki*, 2012-7093 (Fed. Cir. Sept. 20, 2012).

While that matter was on appeal before this court, Mr. Mathis filed a petition for a writ of mandamus with the Veterans Court, seeking to compel the Secretary of Veterans Affairs to clarify why he should not have received separate disability ratings for his tinnitus and his headaches. Mr. Mathis argued that his request should be granted "so the Court, VA, and petitioner do[] not have to argue on something . . . that is obvious error[]."

In its order denying Mr. Mathis's petition, the Veterans Court noted that Mr. Mathis's petition was seeking the same relief as his claims remanded to the Board. The court further stated that "[n]othing submitted by Mr. Mathis indicates that he lacks alternative means to attain the desired relief, that he has clear and indisputable right to extraordinary relief, or that the Court should be convinced that the issuance of a writ is warranted."

This appeal followed.

This court reviews the denial of a petition for a writ of mandamus by the Veterans Court for an abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A writ of mandamus is an extraordinary remedy and should not be issued unless the petitioner has no other adequate alternative means to attain the desired relief and petitioner has established a clear and undisputable right to relief. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004).

3                                      GEIRY MATHIS v. SHINSEKI

The Veterans Court did not abuse its discretion in determining that Mr. Mathis failed to satisfy the exacting standard for mandamus relief. Mr. Mathis's claims have been remanded for proper adjudication before the agency. As such, Mr. Mathis clearly has adequate alternative means to seek all available relief with regard to his tinnitus and related claims. Thus, the Veterans Court did not clearly abuse its discretion in denying Mr. Mathis's petition for a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Veterans Court is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

OCT 1 6 2012
_____                          /s/ Jan Horbaly
Date                                     Jan Horbaly
                                         Clerk

cc:  Geiry L. Mathis
     Nicholas Jabbour, Esq.

s25