NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE STEPHENS, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7157

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 12-1173, Judge Lawrence B. Hagel.

---

Before NEWMAN, PROST, and WALLACH, *Circuit Judges*.

PER CURIAM.

## O R D E R

Willie Stephens, Jr. appeals from an order of the United States Court of Appeals for Veterans Claims (Veterans Court) denying his petition for a writ of mandamus.  We summarily affirm.

Mr. Stephens is currently receiving Department of Veterans Affairs (DVA) disability benefits for his service-connected claim for residuals of prostate cancer.  In June

2011, the DVA advised Mr. Stephens that because his condition had shown improvement, his disability rating was being reduced from 100% to 10%.

In March 2012, Mr. Stephens filed the underlying petition with the Veterans Court. He attached a copy of a February 2012 letter he sent to the DVA asserting that he filed a notice of disagreement with regard to a June 2011 DVA notification letter. His petition asked the Veterans Court to order the DVA to issue a statement of the case. According to Mr. Stephens, the DVA's delay in issuing him a statement of the case was "disturbing and delaying" his appeal. In denying the petition, the Veterans Court noted that that he "has not demonstrated that the delay in his case is unreasonable."

This appeal followed.

This court reviews the denial of a petition for a writ of mandamus by the Veterans Court for an abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A writ of mandamus is an extraordinary remedy and should not be issued unless the petitioner has no other adequate alternative means to attain the desired relief and petitioner has established a clear and undisputable right to relief. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004).

The Veterans Court did not abuse its discretion in determining that Mr. Stephens failed to satisfy the exacting standard for mandamus relief. The Veterans Court was reasonable in concluding that any delay in the DVA's issuance of a statement of the case was not so unreasonable that it was equivalent to an arbitrary refusal by the DVA to act.

Accordingly,

IT IS ORDERED THAT:

3                                    WILLIE STEPHENS v. SHINSEKI

    (1)  The judgment of the Veterans Court is summarily affirmed.

    (2)  Each side shall bear its own costs.


FOR THE COURT


 /s/ Jan Horbaly
Jan Horbaly
Clerk

s26