NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN C. GODWIN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7099

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1245, Judge Margaret C. Bartley.

---

Decided: November 10, 2015

---

BENJAMIN C. GODWIN, Glen Burnie, MD, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, MEGHAN D. ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, MOORE, and STOLL, *Circuit Judges.*

PER CURIAM

Benjamin C. Godwin appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying Mr. Godwin's petition for a writ of mandamus. We affirm.

BACKGROUND

In August 2004, Mr. Godwin filed a claim for special monthly compensation for loss of use of a foot. The regional office and, on appeal, the Board denied the claim. In June 2013, the Veterans Court vacated the Board decision and remanded the case back to the Board so that it could provide an adequate statement of reasons or bases. Specifically, the Veterans Court found that "[a]lthough the Board mentioned [a] March 2010 VA [medical] examination, it did not expressly discuss the [examiner's] statements." App. 26. On remand, the Board issued a decision finding that the record contained insufficient evidence for it to decide the special monthly compensation claim and remanded to the regional office to schedule a new VA medical examination.

On March 2015, Mr. Godwin filed a petition for a writ of mandamus in the Veterans Court, arguing that ordering a new medical examination was contrary to the court's June 2013 decision and that the original record was adequate to adjudicate his claim. The Veterans Court denied Mr. Godwin's petition. Mr. Godwin appeals. We have jurisdiction under 38 U.S.C. § 7292. *See Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 679 (2013); *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). We review the denial of a petition for a writ of mandamus by the Veterans Court for abuse of discretion. *Lamb*, 284 F.3d at 1384.

DISCUSSION

The writ of mandamus is a "drastic and extraordinary" remedy, appropriate only in "exceptional circumstances amounting to a judicial usurpation of power . . . or a clear abuse of discretion." *Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380 (2004) (quotation marks and citations omitted). In order to issue the writ, a court must be satisfied that three conditions are met: (1) the party seeking issuance of the writ must have no other adequate means to attain the relief he desires; (2) the petitioner has shown that his right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances. *Id.*

The Veterans Court held that Mr. Godwin failed to demonstrate a clear and indisputable entitlement to the writ because, contrary to Mr. Godwin's argument, the June 2013 decision "did not declare that the evidence already of record was sufficient to decide the [special monthly compensation] claim or prohibit the Board from engaging in any further development it deemed necessary to decide the claim." App. 2. The Veterans Court also stated that "[t]o the extent that Mr. Godwin disagrees that further evidence is necessary to decide the [special monthly compensation] claim, he may raise those concerns with the VA and . . . challenge any subsequent adverse VA decision via the traditional appeals process." App. 2–3 (citing *Cheney*, 542 U.S. at 380–81). We find no error in the Veterans Court's decision and conclude that the Veterans Court did not abuse its discretion in denying the petition for a writ of mandamus.

**AFFIRMED**

COSTS

No costs.