NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL J. RILEY,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2060

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-517, Judge Coral Wong Pietsch, Judge Margaret C. Bartley, Judge Michael P. Allen.

---

Decided: December 6, 2018

---

MICHAEL J. RILEY, Watertown, NY, pro se.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Michael J. Riley appeals from the Court of Appeals for Veterans Claims' ("Veterans Court's") denial of his petition for extraordinary relief seeking a writ of mandamus. For the reasons that follow, we *affirm*.

## BACKGROUND

Mr. Riley served on active duty in the United States Marine Corps from September 1961 to April 1966. Mr. Riley submitted a claim for benefits in connection with the effects of post-traumatic stress disorder ("PTSD") in May 1993, which was denied by the Veterans Affairs' Regional Office ("RO"). In August 1996, he submitted a request to reopen that claim on grounds of new and material evidence, which was also denied by the RO.

Eventually, in February 1998, after receiving additional documents, the RO issued a decision granting Mr. Riley benefits compensating for his PTSD and assigning him an effective date of August 6, 1996, the date of his request to reopen. The RO's decision granting benefits was based in part on new psychiatric medical reports from 1997 that diagnosed Mr. Riley with PTSD.

In September 1998, Mr. Riley requested an earlier effective date for his benefits. The date he sought was May 1993, the date of his original claim for benefits. The RO denied this request in July 1999. From 2008 to 2017, Mr. Riley filed various requests for an earlier effective date, the details of which are not relevant here. In August 2017, the RO granted him the earlier effective date of May 7, 1993.

On October 27, 2017, Mr. Riley sent additional documents to the RO, which the RO construed as a new claim for "[e]ntitlement to an earlier effective date" for his PTSD-related benefits. R.A. 339. The RO construed Mr. Riley as arguing that he had made an informal claim for benefits before 1993.

While awaiting the RO's decision on this claim, Mr. Riley on January 23, 2018, filed the petition at issue in this appeal, seeking a writ of mandamus from the Veterans Court. He asked the Veterans Court "to compel the Veterans Affairs to recognize the claims he filed in July of 1966 as an informal claim for benefits." R.A. 328.

On February 15, 2018, the RO issued a decision finding that "an earlier effective date [wa]s not warranted" because no document submitted by Mr. Riley could be construed as an informal claim for benefits. R.A. 343. The record does not disclose whether Mr. Riley has appealed the RO's decision to the Board of Veterans' Appeals ("Board").

On March 16, 2018, the Veterans Court denied Mr. Riley's petition for a writ of mandamus. It explained that because the RO had "issued a decision directly addressing the petitioner's contention that he filed a claim in 1966," the "appeals process that [now] leads to the Board" and the Veterans Court was "open to the petitioner if he chooses to take advantage of it." R.A. 1. The Veterans Court concluded that Mr. Riley had therefore failed to meet the requirements for a writ of mandamus. The Veterans Court explained that "[t]he most relief that the petitioner could have obtained from his petition is an order directing the Secretary to issue a decision like the one that [Mr. Riley] has received." R.A. 2.

This appeal followed. We have jurisdiction under 38 U.S.C. § 7292 to "determine whether [a] petitioner has satisfied the legal standard for issuing the writ," at least

where legal issues or constitutional claims are present as specified in § 7292. *Beasley v. Shinseki*, 709 F.3d 1154, 1156–58 (Fed. Cir. 2013). Considering Mr. Riley's pro se filings, we exercise jurisdiction to decide if mandamus standards are met. We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

## DISCUSSION

Mr. Riley did not establish that he was entitled to a writ of mandamus as a matter of law. To obtain a writ of mandamus, a petitioner must show "(1) that he has a clear legal right to relief, (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances." *Beasley*, 709 F.3d at 1157 (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004)).

Here, at the time he filed his petition, Mr. Riley had "other adequate means to attain the relief he desires" in the form of the "regular appeals process." *Cheney,* 542 U.S. at 380–81. Once the RO denied his claim for an effective date earlier than 1993, Mr. Riley could "fully vindicate and protect that claim by appealing the Regional Office decision to the Board and, if necessary, to the Veterans Court." *Lamb*, 284 F.3d at 1384. "The extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay" by pursuing the normal appellate process. *Id.* (brackets omitted) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)); *see also Beasley*, 709 F.3d at 1159 (holding that mandamus was inappropriate where a veteran requested that the RO or the Board consider newly submitted evidence; "[t]hose contentions are properly addressed to the Board on appeal").

## AFFIRMED

COSTS

No costs.