NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDIE JOHNSON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2049

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-7440, Judge Margaret C. Bartley.

---

Decided: December 4, 2019

---

EDDIE JOHNSON, Warner Robins, GA, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————————

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

Eddie Johnson appeals from the Court of Appeals for Veterans Claims' ("the Veterans Court's") denial of his petition for a writ of mandamus to compel the Department of Veterans Affairs ("VA") to award Johnson compensation based on alleged service-connected deafness. *See Johnson v. Wilkie*, No. 18-7440 (Vet. App. May 16, 2019) ("*Decision*"). Because Johnson raises only factual issues over which we lack jurisdiction, we *dismiss* the appeal.

## BACKGROUND

Johnson was awarded service connection for bilateral hearing loss in 1982. When service connection was awarded, VA determined that Johnson's hearing loss was zero percent disabling and assigned a noncompensable rating. Since then, Johnson has filed a series of claims requesting an increased rating. Johnson filed his first request for an increased rating in 1989. At that time, VA provided a hearing examination and, based on the results of the examination, continued the noncompensable rating. Johnson appealed the rating, which was eventually affirmed by the Veterans Court. Johnson filed another claim for an increased rating on July 18, 2007, and VA again maintained the noncompensable rating.

On September 17, 2009, Johnson filed a third claim for an increased rating. VA provided a hearing examination on January 13, 2010, and, based on the results of the examination, awarded Johnson a 70 percent rating for bilateral hearing loss, effective from the date of the claim. The effective date of Johnson's 70 percent rating was later changed to July 18, 2007.

On February 8, 2012, Johnson filed a fourth claim for an increased rating. VA performed an additional

examination on October 19, 2012, and awarded a 90 percent rating, effective from the date of the claim.

In December 2018, Johnson petitioned the Veterans Court for mandamus relief, asking the court to compel the Atlanta VA regional office ("RO") to issue a decision regarding Johnson's entitlement to special monthly compensation ("SMC") under 38 U.S.C. § 1114(k) for deafness in both ears and for an earlier effective date for the 2012 90-percent disability rating. In response to Johnson's petition, the RO reviewed Johnson's claims file and issued ratings decisions dated February 28, 2019, and March 7, 2019 ("the 2019 decisions"), respectively denying SMC based on deafness and finding no clear and unmistakable error ("CUE") under 38 U.S.C. § 5109A in VA's 2012 rating decision. Because the 2019 decisions explained VA's decision regarding Johnson's entitlement to SMC for deafness in both ears, both on the merits and as a CUE challenge, the Veterans Court determined that Johnson had received the relief that he had requested and dismissed Johnson's petition as moot. *Decision*, slip op. at 2. The Veterans Court further noted that to the extent that Johnson disagreed with the rating decisions, he was free to challenge the decisions through normal VA procedures. *Id.*

Johnson timely appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. *Id.* § 7292(d)(2).

The exclusion of review of factual issues from our jurisdiction does not preclude us from reviewing denials of a petition for mandamus based on a challenge to a law, regulation, or constitutional issue. *See Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). The grant or denial of a petition for mandamus is reviewed for abuse of discretion. *Id*. at 1384. However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations," *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976), and writs "cannot be used as substitutes for appeals," *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953).

On appeal, Johnson argues that VA erred in denying SMC for his hearing loss. Specifically, Johnson argues that the RO improperly denied Johnson's request because it relied on the results of the 2012 hearing examination. According to Johnson, the RO's reliance on an earlier examination was a deprivation of due process under the Fifth Amendment.

The government responds that we lack jurisdiction to review the Veterans Court's dismissal of Johnson's petition because Johnson raises only factual issues on appeal—specifically, whether the RO correctly determined that Johnson's hearing loss does not entitle him to SMC. Accordingly, the government argues that we should dismiss Johnson's appeal. Alternatively, the government argues that the Veterans Court's dismissal of Johnson's petition was proper because Johnson received a decision from VA regarding his entitlement to SMC, which Johnson could have appealed through non-mandamus procedures.

We agree with the government that we lack jurisdiction to consider the merits of Johnson's appeal. The determination whether the severity of a disability entitles a claimant to SMC is a factual determination that we lack jurisdiction to review. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing

of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder.").

Johnson's bare assertion of a due process violation is insufficient to transform Johnson's appeal into a constitutional issue over which we have jurisdiction. Johnson argues that the RO improperly relied on an earlier hearing examination in its denial of SMC. But Johnson's "characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (quoting *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999)).

In any event, as noted by the Veterans Court, Johnson could have obtained review of the RO's denial of SMC by appealing the 2019 decisions within the VA system, and may still do so subject to applicable time limits. In response to his petition to the Veterans Court, Johnson received decisions from the RO explaining its decision to deny SMC, and Johnson has not explained how appealing the RO's denial of SMC through the regular appeal process would have been insufficient to vindicate his objections to the 2019 decisions.

CONCLUSION

We have considered Johnson's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

**DISMISSED**