NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CYNTHIA A. TORREZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1945

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4907, Judge Scott Laurer.

_____

Decided:  April 18, 2024

_____

CYNTHIA A. TORREZ, San Antonio, TX, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, Y. KEN LEE, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, *Chief Judge*, LOURIE, *Circuit Judge,* and ALBRIGHT, *District Judge*.[*]

PER CURIAM.

Cynthia A. Torrez appeals an order from the Court of Appeals for Veterans Claims (Veterans Court) denying her petition for a writ of mandamus. We *affirm-in-part* and *dismiss-in-part*.

## BACKGROUND

Ricardo Torrez served on active duty in the United States Air Force from June 1979 to May 1995. Appx. 30.[1] In January 2011, he filed requests with the Department of Veterans Affairs (VA) seeking service connection for at least thirteen disabilities, requesting to reopen previously denied service connection claims for five disabilities, and requesting increased ratings for two disabilities. In July 2011, Mr. Torrez passed away. Mrs. Torrez, his surviving spouse, subsequently sought service connection for Mr. Torrez's cause of death. Appx. 43.

In April 2013, the VA regional office (RO) granted service connection for two claims and denied the remaining claims. Mrs. Torrez appealed to the Board of Veterans' Appeals (Board). The Board remanded the claims to the RO twice for further development, first in June 2015 and again in May 2018.

In October 2020, the Board denied the claims. Mrs. Torrez appealed to the Veterans Court. In April 2022, the

---

[*]    Honorable Alan D Albright, District Judge, United States District Court for the Western District of Texas, sitting by designation.

[1]    "Appx." refers to the Appendix attached to Respondent's Informal Brief.

Veterans Court affirmed the Board's denial of some claims and remanded the remaining claims for further development and adjudication. Mrs. Torrez appealed to this court, and we affirmed the Veterans Court's decision. Appx. 3; *see also Torrez v. McDonough*, No. 2022-1909, 2022 WL 16908625 (Fed. Cir. Nov. 14, 2022).

In August 2022, Mrs. Torrez petitioned the Veterans Court alleging the Board unreasonably delayed adjudicating the claims remanded in the court's April 2022 decision and seeking extraordinary relief by writ of mandamus. Appx. 1, 3. The Veterans Court evaluated the merits of Mrs. Torrez's mandamus petition and applied the legal framework from *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) (*TRAC*), which outlines six factors for the court to consider when analyzing mandamus petitions based on alleged unreasonable delay by the VA. Appx. 3–4; *see also Martin v. O'Rourke*, 891 F.3d 1338, 1344–45 (Fed. Cir. 2018). The court denied the mandamus petition because it found the VA's alleged delay in developing and adjudicating Mrs. Torrez's claims was not so unreasonable as to warrant a writ of mandamus. Appx. 5. Mrs. Torrez appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We have jurisdiction to review the Veterans Court's rulings on mandamus petitions. *See Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir.

2002).  We review a denial of mandamus for abuse of discretion.  *Id.* at 1384.

When an allegedly unreasonable delay is the basis of a mandamus petition, the Veterans Court analyzes the petition's merits under the framework articulated in *TRAC*. *See Martin*, 891 F.3d at 1344–45 (quoting *TRAC*, 750 F.2d at 80).  *TRAC* sets forth six factors to consider:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find "any impropriety lurking behind agency lassitude" in order to hold that agency action is unreasonably delayed.

*Id.*

## I

The Veterans Court did not commit legal error or abuse its discretion in denying the mandamus petition.  The Veterans Court properly applied the *TRAC* factors to assess whether Mrs. Torrez was entitled to a writ compelling the VA to more expeditiously process her claims seeking service connection for several disabilities.  Appx. 4–5.  It found the first, second, fourth, and sixth *TRAC* factors weighed against issuing a writ; although the third and fifth *TRAC* factors favored a writ, those factors did not outweigh the others.  *Id.*

Specifically, the Veterans Court found that, although the nature and extent of Mrs. Torrez's interest weighed in favor of issuing a writ (third and fifth *TRAC* factors), the VA's delay was inherent in the adjudication and development of veterans' benefits claims. *Id.* It explained that much of the delay resulted from the VA's compliance with its legal duty to help Mrs. Torrez obtain the necessary medical records to develop her claims (first *TRAC* factor); that Congress did not establish a timeline for agency adjudication claims (second *TRAC* factor); that a judicial mandate forcing the VA to work faster would shift the VA's resources from other veterans ahead of Mrs. Torrez in the Board's queue system, effectively allowing Mrs. Torrez to cut in line (fourth *TRAC* factor); and that there was no reason to think the VA had acted wrongfully (sixth *TRAC* factor). *Id.* The Veterans Court therefore determined issuance of a writ was not justified because the VA had not unreasonably delayed. *Id.* at 5.

Mrs. Torrez does not show the Veterans Court abused its discretion in reaching its conclusion, especially considering the demanding standard for mandamus. Nor does she allege any legal error. We may not review the Veterans Court's straightforward application of the *TRAC* factors to the particular facts of this case unless there is a constitutional claim, *see* 38 U.S.C. § 7292, and here, there is no constitutional claim.

## II

Mrs. Torrez requests relief in the form of her husband's disability pension. *See* Appellant's Informal Br. at 3. To the extent Mrs. Torrez's appeal raises arguments concerning the merits of her underlying service connection claims for various disabilities, it is outside the scope of our review. When a veteran or beneficiary petitions for a writ of mandamus, we "may not review the factual merits" of the underlying claim, "but we may determine whether the petitioner has satisfied the legal standard for issuing the

writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). In particular, "we do not interfere with the [Veterans Court]'s role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Id.*; *see also* 38 U.S.C. § 7292(d)(2).

To the extent Mrs. Torrez's request for disability pension refers to her earlier claims that the Board denied and the Veterans Court affirmed, Appx. 25–26, we have already affirmed the Veterans Court's decision. Appx. 3; *see also Torrez*, 2022 WL 16908625, at *4. To the extent Mrs. Torrez's request for disability pension refers to her earlier claims that the Veterans Court remanded, Appx. 25, each of those claims is currently on remand to the Board for further adjudication and development. Appx. 3, 4. The Veterans Court has not yet rendered a decision on those claims, so we lack jurisdiction to address them. *See* 38 U.S.C. § 7292. Our jurisdiction here is limited to the propriety of the Veterans Court's denial of the mandamus petition. Therefore, we dismiss Mrs. Torrez's other claims and requests for relief.

## CONCLUSION

For the foregoing reasons, we affirm the Veterans Court's denial of mandamus, and we dismiss the appeal as to other issues.

**AFFIRMED IN PART AND DISMISSED IN PART**

## COSTS

No costs.