NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE A. KEY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1736

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-7532, Judge Joseph L. Toth.

---

Decided: March 10, 2025

---

WILLIE A. KEY, Charleston, SC, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before TARANTO and HUGHES, *Circuit Judges*, and
BARNETT, *Judge*.[1]

PER CURIAM.

Willie A. Key, proceeding pro se, appeals the decision
of the Court of Appeals for Veterans Claims dismissing in
part and denying in part his petition for a writ of manda-
mus in relation to his case challenging the validity of a debt
he owes the Veterans Health Administration. To the extent
Mr. Key's argument on appeal challenges the regulation
authorizing collection of his debt while he contests it in an
administrative appeal, we affirm the Veterans Court's
holding that this issue was improperly raised in a manda-
mus petition rather than as part of his appeal; to the extent
he challenges the application of the regulation to his case,
we lack jurisdiction and therefore dismiss this claim.

I

Mr. Key is a veteran who served on active duty from
July 1965 to September 1968. In 2018, the Department of
Veterans Affairs "informed Mr. Key that 'he is responsible
for copayments for medical care and prescriptions he re-
ceived from [October 11,] 2017 to [October 10,] 2018' and
that the medical facility at which he received care would
bill him accordingly." P.A. 1.[2] Mr. Key pursued an admin-
istrative appeal challenging this debt. His appeal reached
the Board of Veterans Appeals in May 2022. The Board re-
manded the case to the VA, directing it to: (1) verify
whether Mr. Key had signed a VA Form 10-10EZR in Oc-
tober 2017 at the Ralph H. Johnson VA Medical Center in
Charleston, South Carolina; and (2) associate several doc-
uments with his claims file, including two personal letters

---

[1]    Honorable Mark A. Barnett, Chief Judge, United
States Court of International Trade, sitting by designation.

[2]    "P.A." refers to the Appendix attached to Mr. Key's
Informal Brief.

from October and November 2018, a signed HEC Form 200-1A from November 2018, and portions of a financial report received in November 2018. S.A. 2–3.[3] While waiting for the VA to process the Board's remand, Mr. Key received notice from the Department of the Treasury that it "would withhold (or offset) 'up to 15[%] of [his] monthly Social Security benefit payment beginning no sooner than [March] 2023' to satisfy the debt he owes to [the Veterans Health Administration]." P.A. 1 (first two alterations in original).

Mr. Key submitted a mandamus petition dated December 5, 2023, to the Veterans Court seeking an order requiring the Board to direct the VA to "(1) refund all monies withheld from [his] social security benefit payments since March 3, 2023; (2) deny, with prejudice, [the VA's] claim for copayments in the instant appeal; (3) cancel any and all copayments owed or allegedly owed to [the VA] by [him]; and (4) to vacate its REMAND in the instant appeal on the ground of lack of expeditious treatment." S.A. 4.

On December 27, 2023, while Mr. Key's petition was pending before the Veterans Court, the VA notified Mr. Key that it had located all the documents identified in the Board's May 2022 remand order and associated them with his file. P.A. 1.

On March 4, 2024, the Veterans Court dismissed Mr. Key's request to vacate the Board's remand order as moot because the VA had since complied with the Board's remand directives. Regarding Mr. Key's remaining requests for relief, the Veterans Court concluded Mr. Key was not entitled to a writ of mandamus to stop the VA's attempt to collect on his debt because his petition did not demonstrate that he had taken any action within 30 days of receiving notice of the debt that would entitle him to a

---

[3]    "S.A." refers to the Supplemental Appendix attached to the Government's Informal Response Brief.

deferral of payment under 38 C.F.R. § 1.912(c)(1)-(3). The Veterans Court further noted that Mr. Key could have raised his argument for deferral of collection on his debt as a substantive matter in his existing appeal and credited the Secretary of Veterans Affair's argument that Mr. Key's claim was thus "not ripe for consideration in the context of a petition for a writ of mandamus." P.A. 2.

Mr. Key then submitted a motion to vacate the Veterans Court's order, which the court construed as a motion for single-judge reconsideration of its order. The court denied this motion for reconsideration. Mr. Key timely appealed.

## II

We have jurisdiction to review Veterans Court decisions and decide "any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions." 38 U.S.C. § 7292(c). Unless relevant to a constitutional issue, we lack jurisdiction to review challenges to factual determinations or applications of a law or regulation to the facts of a particular case. *Id.* § 7292(d)(2).

We have jurisdiction to review legal and constitutional issues addressed by the Veterans Court's rulings on mandamus petitions. *Lamb v. Principi,* 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). While we may determine whether the Veterans Court "abused its discretion or committed other legal error" in denying a mandamus petition, we cannot review factual issues. *Id.* at 1381–82, 1384.

## III

In his informal brief, Mr. Key states "31 C.F.R. § 285.4 allows collection by offset of 'legally enforceable debts.' The debt allegedly owed to the VA is not legally enforceable while under appeal." Petitioner's Informal Br. at 1. It is unclear whether Mr. Key's challenge is to the application of

this regulation to the facts of his case or to the regulation itself.

To the extent Mr. Key's argument on appeal is that the regulation was improperly applied to find that his debts were collectable while being challenged on appeal, we do not have jurisdiction to review such an application of law to fact. For instance, Mr. Key argues on appeal that the Veterans Court "incorrectly decided that [the] VA had not unreasonably delayed processing the [r]emand." Petitioner's Informal Br. at 2 (emphasis omitted). He further contends that the Veterans Court "failed to decide whether [his] Social Security payment is subject to offset for 'debts' owed to the VA while awaiting a decision on [his] waiver request." *Id.* (emphasis omitted). These arguments raise issues of application of law to fact that we do not have jurisdiction to review.

To the extent Mr. Key's argument on appeal challenges the regulation itself, we agree with the Veterans Court that a petition for mandamus was the incorrect vehicle for this challenge. "Mandamus . . . [is a] drastic and extraordinary remed[y] . . . reserved for really extraordinary causes." *Lamb¸* 284 F.3d at 1382. To obtain relief via a mandamus petition, "the petitioner must show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances." *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013). "It is well established that mandamus is unavailable when there is an adequate remedy by appeal." *Wolfe v. McDonough*, 28 F.4th 1348, 1357 (Fed. Cir. 2022).

The Veterans Court correctly noted that "if Mr. Key believes that deferral [of collection of his debt] should have occurred, that is an argument he can raise through his [existing] appeal" of this debt, and this argument is thus "not ripe for consideration in the context of a petition for a writ

of mandamus." P.A. 2. Mr. Key has not shown that the administrative appeal process is not a viable path to obtain the deferral of payment he seeks. The Veterans Court accordingly did not abuse its discretion or otherwise legally err in denying Mr. Key's mandamus petition.

## IV

We have considered the remainder of Mr. Key's arguments and find them unpersuasive. For the reasons stated above, we affirm in part and dismiss in part.

**AFFIRMED IN PART, DISMISSED IN PART**

COSTS

No costs.