NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KHAMANI LODGE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1687

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-200, Judge Amanda L. Meredith.

---

Decided: December 10, 2025

---

KHAMANI LODGE, Waynesboro, GA, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; TYRONE COLLIER, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————————

Before LOURIE and STOLL, *Circuit Judges*,
and OETKEN, *District Judge*.[1]

PER CURIAM.

Khamani Lodge, proceeding pro se, appeals from the final decision of the United States Court of Appeals for Veterans Claims denying his petition for extraordinary relief in the form of a writ of mandamus. Because Mr. Lodge raises no non-frivolous legal challenges to the Veterans Court's decision, we dismiss.

## BACKGROUND

Mr. Lodge is a veteran of the Gulf War having served in the United States Army from October 3, 1990 to April 17, 1992. Among other claims, Mr. Lodge filed two claims for veterans' benefits in the form of service-connected compensation for traumatic brain injury (TBI), both of which were denied. SAppx 15–23.[2] The Department of Veterans Affairs Regional Office denied Mr. Lodge's initial claim on April 27, 2023, stating that it "did not find a link between [Mr. Lodge's] medical condition and military service." SAppx 21. The RO denied Mr. Lodge's supplemental claim on January 6, 2025, in which Mr. Lodge also sought special monthly compensation (SMC) based on the need for aid and attendance. SAppx 15–19. The RO's decision stated that there was "no evidence indicating a diagnosed condition shown to be caused by or incurred during [Mr. Lodge's] active military service." SAppx 18.

———————————————

[1]   Honorable J. Paul Oetken, District Judge, United States District Court for the Southern District of New York, sitting by designation.

[2]   "SAppx" refers to the Supplemental Appendix filed by the Appellee with its Informal Brief. *See* ECF No. 13.

Mr. Lodge filed a petition for a writ of mandamus at the Veterans Court on January 16, 2025.  SAppx 8.

The Veterans Court denied Mr. Lodge's petition on January 31, 2025, concluding that Mr. Lodge could not use mandamus to challenge the RO's decision denying Mr. Lodge benefits when he had an alternative remedy to mandamus through the normal appellate process. SAppx 2.  On February 21, 2025, the Veterans Court denied Mr. Lodge's motion for single-judge reconsideration, and that same day, Mr. Lodge filed a Notice of Disagreement with the January 6, 2025 rating decision at the Board of Veterans' Appeals.  SAppx 3–4; SAppx 13–14.

Mr. Lodge appeals the Veterans Court's denial of his petition for writ of mandamus.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We may review a decision by the Veterans Court concerning whether to grant a mandamus petition only when the veteran raises a non-frivolous legal question, such as a constitutional issue or the interpretation of a regulation or statute that was relied on by the Veterans Court.  *See Beasley v. Shinseki*, 709 F.3d 1154, 1157–58 (Fed. Cir. 2013); *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002); *see also* 38 U.S.C. § 7292(a), (d).

As explained below, we conclude that Mr. Lodge has failed to raise a non-frivolous legal challenge to the Veterans Court's denial of his writ of mandamus.  We thus lack jurisdiction to consider his arguments.  *See Wright v. Collins*, 157 F.4th 1379, 1381–82 (Fed. Cir. 2025); *see also Thomas v. Wilkie*, 816 F. App'x 450, 453 (Fed. Cir. 2020) (non-precedential).

The Veterans Court considered the three conditions required to issue a writ of mandamus and determined that,

at a minimum, Mr. Lodge failed to establish that he has no other adequate means to attain the desired relief. SAppx 1–2 (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)).    The Veterans Court acknowledged that, while Mr. Lodge disagreed with the RO's January 6, 2025 rating decision, "a petition is not the appropriate avenue to challenge that decision."    SAppx 2. The Veterans Court further explained that "nothing in this order precludes the petitioner from seeking relief from the [VA]" and detailed how Mr. Lodge could pursue alternative means to obtain the relief he seeks.    *Id.*    Indeed, following this advice, Mr. Lodge filed a notice of appeal to the Board and thus pursed this alternative means.    *See* SAppx 13–14.

On appeal to this court, Mr. Lodge does not argue that the Veterans Court misstated the legal standard for evaluating whether to grant a writ of mandamus; nor does he argue that the Veterans Court interpreted or elaborated on the meaning of any statute or regulation.    Instead, Mr. Lodge focuses on the merits of his underlying claims, primarily that he has not been paid "the proper amount of disability payment."    Appellant's Inf. Br. 1–2.    Because Mr. Lodge's appeal does not raise a non-frivolous legal question, we lack jurisdiction to review these challenges. *See Beasley*, 709 F.3d at 1158; *see also* 38 U.S.C. § 7292(d)(2).

## CONCLUSION

We have considered Mr. Lodge's remaining arguments but find them unpersuasive.    For the foregoing reasons, we dismiss Mr. Lodge's appeal for lack of jurisdiction.

### **DISMISSED**

## COSTS

No costs.