NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ISRAEL CANTU,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2026-1301

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-5051, Chief Judge Michael P. Allen, Judge Margaret C. Bartley, Judge Scott Laurer.

_____

Decided: June 9, 2026

_____

ISRAEL CANTU, San Antonio, TX, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges.*

PER CURIAM.

Israel Cantu appeals from an order of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing his petition for a writ of mandamus as moot. *Cantu v. Collins*, 2025 WL 2610186, at \*1–2 (Vet. App. Sept. 10, 2025) ("*Decision*"). Because we lack jurisdiction over the appeal, we *dismiss*.

### BACKGROUND

Cantu is a veteran who served in the United States Army from 2004 to 2009. S.A. 14.[1] In March 2024, the Board of Veterans' Appeals ("the Board") issued a decision denying Cantu an effective date before November 21, 2015 for awards of service connection for PTSD, left lower extremity radiculopathy, and a left long finger painful scar. S.A. 7–13 . Cantu appealed to the Veterans Court, which vacated the Board's decision and remanded for further adjudication. S.A. 14–22.

As of June 2025, the Board had not adjudicated his claims for an effective date before November 21, 2015. *See* S.A. 1. Cantu accordingly filed a petition for extraordinary relief seeking a writ of mandamus to compel the Board to adjudicate the claims. *See* S.A. 1–2. In July 2025, the Board issued a decision denying an earlier effective date for the PTSD and left lower extremity radiculopathy claims and granting an earlier effective date for the left long finger painful scar claim. S.A. 23–37. Because the Board had "issued a decision" on the claims Cantu sought adjudication of in his petition, the Veterans Court dismissed the petition as moot. S.A. 1–2.

Cantu timely appealed.

---

[1]　"S.A" refers to the Supplemental Appendix attached to the Respondent's Informal Brief.

### DISCUSSION

Our jurisdiction over decisions from the Veterans Corut is limited by statute. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review any challenge to the Veterans Court's decision on the validity or interpretation of a statute or regulation. 38 U.S.C. § 7292(c). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). For appeals involving petitions for a writ of mandamus, we have jurisdiction only if there is a "non-frivolous legal question," and we cannot "review the factual merits of the veteran's claim" or address "application of veterans' benefits law to the particular facts of a veteran's case." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

Cantu first argues that the Veterans Court erred in denying his petition as moot. Informal Open. Br. 1–2, Informal Reply Br. 4–5. We disagree. The relief sought in his petition—a decision from the Board on the effective date claims—was given to him in July 2025. S.A. 23–37. The petition is therefore "no longer live," rendering it moot. *L.A. County v. Davis*, 440 U.S. 625, 631 (1979) (cleaned up and citation omitted).

Second, while Cantu lists numerous statutes and regulations he believes were violated, Informal Open. Br. 1–2, none of those statutes or regulations were interpreted by or relied upon by the Veterans Court in denying his petition, nor does this case turn on the validity or interpretation of any of those statutes or regulations. *See generally Decision.* That argument does not create jurisdiction for this court over this appeal. *See Smith v. Collins*, 130 F.4th 1337, 1343–44 (Fed. Cir. 2025) ("For us to address a legal question presented to us on appeal[,] . . . [t]he Veterans Court must have made a determination on the legal issue presented to us by the appellant, either making a decision

on a rule of law or relying on a challenged statute or regulation or its interpretation.") (cleaned up); *see* 38 U.S.C. § 7292(a), (c).

To the extent that Cantu seeks to raise arguments concerning the merits of the Board's July 2025 decision, *see* Informal Reply Br. 1–16, a petition for a writ of mandamus "cannot be used as [a] substitute" for the ordinary appeal process. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)). Only the Veterans Court's dismissal of Cantu's petition is on appeal here.

Thus, because Cantu does not raise a non-frivolous legal question based on the Veterans Court's decision to deny his petition for mandamus, we lack jurisdiction over this appeal.

## CONCLUSION

We have considered Cantu's remaining arguments and determine that none raise a non-frivolous legal question over which we can assert jurisdiction. For the foregoing reasons, we *dismiss*.

**DISMISSED**